No. 2,260.

SAMUEL BURRELL, RESPONDENT, *v.* ROBERT A. HAW, APPELLANT.

PUBLIC LANDS.—CONTESTED PATENT.—Before a person will be permitted to call in question the proceedings through which another has obtained a patent to public lands, he must show in himself all the conditions necessary to enable him to pre-empt.

IDEM.—DUTY OF LAND OFFICERS.—It is the duty of the proper officers in the Land Offices of the United States, to ascertain whether parties possess the requisite qualifications to entitle them to pre-empt lands, and their decision upon questions arising as to such qualifications is binding upon the parties, unless some question of fraud or trust intervenes.

IDEM.—CITIZENSHIP.—FRAUD.—The fact that an applicant under the pre-emption laws of the United States, after filing his declaratory statement, made a declaration of his intention to become a citizen, is but evidence tending to prove that at that time he was not a citizen, but would not necessarily prove fraud on the part of the applicant.

APPEAL from the District Court of the Eighth District, Humboldt County.

A demurrer to the complaint was overruled. The Court, found among other facts, that the defendant in the year

1856, asserted a claim to the land in controversy and filed a declaratory statement of his intention to pre-empt the same in the proper Land Office, and therein declared that he was a citizen of the United States; that, on the 29th day of October, 1858, defendant declared under oath, according to law, his intention to become a citizen of the United States; that the defendant, in the Spring of 1858, made and executed to one James Clark a conveyance of the land in controversy, and that the deed was afterward destroyed by Clark, at the request of the defendant, in order to enable him (the defendant) to obtain a title to his land.

The Court rendered judgment in accordance with the prayer of the complaint, and defendant appealed.

The other facts are stated in the opinion.

*S. M. Buck*, for Appellant.

*Coffroth & Spaulding*, of Counsel.

*First*—The complaint does not state sufficient facts. The plaintiff must bring himself into privity with the United States, or he is not in a position to attack defendant's patent. It must appear that he has performed every act required by law to entitle him to the land in dispute; and if he has failed in any particular to do this, he is a mere stranger, and not entitled to any standing in Court. He did not file his declaratory statement according to law. He merely avers that such a statement was deposited in the Post Office, properly directed, in 1855. For aught that appears, the plats were not then returned; and if not, filing would be void. There is no averment showing when the plats were returned, or that his filing, nearly three years thereafter, was in due time to entitle him to pre-empt. *(People* v. *Jackson et al.* 24 Cal. 632; *Page* v. *Hobbs*, 27 Id. 484; *Megerle* v. *Ashe*, 33 Id. 83.)

*Second*—If plaintiff were in a position to assail the patent of a defendant for fraud, the burden of proof is upon him; and he must make the fraud appear beyond all reasonable doubt.

The findings show that no fraud was proven. This was a finding for defendant on the charge of fraud, and defendant was clearly entitled to a judgment. The patent could only be set aside for fraud made clearly apparent, and then only by the proper party, viz: the United States Government, or some person having a privity of right with it clearly established, (15 H. 272, 25 Id. 246).

*Third*—The judgment cannot be sustained upon the facts found. The *bona fides* of the settlement upon this land by plaintiff was directly in issue on the trial of the case before the Land Office, and this question is therefore *res adjudicata*. Again, the gist of the action is fraud; and unless plaintiff established fraud he cannot recover. There is absolutely nothing of the kind in the record.

*W. S. Brock* and *Geo. Cadwalader*, for Respondent.

*First*—The complaint is sufficient, all necessary averments required by law being stated. The failure of plaintiff to aver that the plats were on file when his application was first made, does not affect the equities of the case, as that is a matter of which Courts will take judicial notice. (2 Green. Iowa, 191.)

If it was a defect, it was cured by the contest before the officers of the Land Office, as no trial could have been had without the plats were on file at that time.

*Second*—Appellant Haw was not a qualified pre-emptioner at the time of filing his declaratory statement. The fact that in 1858 he declared under oath, according to law, his intention to become a citizen of the United States precludes the possibility of his being a citizen and qualified pre-emptioner in 1856, the time of filing his declaratory statement to pre-empt.

The ruling in 13 Cal. 304, cited by appellant, is not in point in this case, as it appears that, on the trial of the contest before the Register and Receiver, it was not known to the respondent that appellant was not a citizen of the United States.

*Third*—The determination of the Register and Receiver

was only conclusive against the United States, and is not conclusive between the individual claimants. (*Megerle* v. *Ashe*, 33 Cal. 89; *Garland* v. *Wynn*, 20 How. 6 ; *Bird* v. *Ward*, 1 Mo. 398.

*Fourth*—The land officers were imposed upon by misrepresentations, suppression of facts, and false statements, and were thereby induced to render a decision in favor of appellant, and by virtue of which he obtained a patent from the United States.

It has been repeatedly held by our highest tribunals that where a person obtains a patent by a suppression of facts of a case, he will not be permitted to derive any benefit therefrom, and that the patent will inure to the benefit of the party entitled to the land. (*Cannon* v. *White*, La. Ann. 90, and cases therein cited; *Lytle* v. *Arkansas*, 22 How. 202; *Cunningham* v. *Ashley*, 14 Id. 377; *Bernard* v. *Ashley*, 18 Id. 43; *Garlyn* v. *Wynn*, 20 Id. 8; *Hennan* v. *Wood*, 16 La. Ann. 263.)

*Fifth*—The *mala fides* of Haw's entry is shown by the finding that in 1858, about two years after the filing, he sold the land to one James Clark. This will enable plaintiff to maintain his judgment on the findings. (Lester's Land Laws, p. 390, Opinion No. 435.)

After finding that the deed was made and afterwards destroyed, it was further found, "That the deed was destroyed by Clark at the request of Haw, in order to enable him ( Haw ) to obtain a title to the land."

*Sixth*—The demurrer is too general. Had it pointed out the specific objection, the complaint might have been remediated by amendment. Both parties assumed that the township plat was filed, and both parties filed declaratory statements and this, with their settlements and improvements, brought them in connection with the Government, before whose Land Office they were conflicting claimants. The suit is based upon two violations of the United States Pre-emption Laws; the first being a want of citizenship, and the second that Haw had sold out to one Clark. Either of these facts being true, Haw could not, according to law,

obtain title from the United States over Burrell, a qualified pre-emptioner. (*Lindsay* v. *Haws*, 2 Black. U. S. 558; *Minnesota* v. *Bachelder*, 1 Wal. U. S. 115.)

TEMPLE, J., delivered the opinion of the Court·

We think the demurrer in this case ought to have been sustained. The action was brought to obtain a decree declaring that the defendant—who had obtained a patent from the United States—held the same in trust for the plaintiff, and that he be compelled to convey the same to plaintiff. The ground of the action is, that the land officers were imposed upon by misrepresentations and fraudulent practices of the defendant, and thereby induced to issue the patent to him, instead of the plaintiff, who was a contestant before the Register and Receiver for the right to pre-empt.

The first point on the demurrer is, that the complaint fails to show that the plaintiff was in a condition to pre-empt, because it does not aver that at the time he filed his declaratory statement the plat of land had been returned to the Land Office. The complaint avers that plaintiff made his declaratory statement on the 25th of December, A. D. 1855, and put the same into the Post Office at Eureka, properly addressed to the Register at Marysville. It is not averred that this was received, or filed in that office at Marysville. It is then averred that in December, 1857, he discovered that this statement was not on file at the Register's office, and another was then made and sent in the same manner, which was filed in December, 1857. There is no averment as to the time the survey was made, or plat returned. Of course the foundation of plaintiff's claim is, that he was entitled to pre-empt the land, and, but for the fraud practiced by the defendant, he would have been able to obtain the patent himself. He must show all the conditions necessary to enable him to pre-empt, before he can call in question the proceedings through which the defendant obtained his patent. (*Page* v. *Hobbs*, 27 Cal. 483; *People* v. *Jackson*, 24 Cal. 630; *Megerle* v. *Ashe*, 33 Cal. 74.)

---

---

The findings in the case are also defective. The proper officers in the Land Offices of the United States were required to ascertain whether the parties possessed the proper qualifications to entitle them to to pre-empt the land, and there can be no doubt that their decision upon questions arising as to such qualifications is binding upon the parties, unless some question of fraud or trust intervenes. The question of fraud, therefore, was an affirmative issue to be made out · by the plaintiff. The fact that the defendant made a declaration of his intention to become a citizen, is but evidence tending to prove that at the time he was not a citizen. It is not the ultimate fact to be proven, and that fact of itself would not necessarily prove fraud. The finding upon this subject is clearly to the effect that the plaintiff had failed to · make out his case. So, the finding in regard to the execution of the deed to James Clark, nothing found which is necessarily implies that there was any suppression of truth, or any fraud whatever practiced by the defendant. All the facts concerning this deed may have been before the proper officers of the United States, and they may have found that no sale was consummated or intended by it.

Judgment reversed and cause remanded, with directions to sustain the demurrer to the complaint.