[No. 11835.   Department One. — June 3, 1887.]

J. D. GREENWADE, APPELLANT, v. E. A. DE CAMP,
RESPONDENT.

STATE LANDS — CONTEST AS TO RIGHT TO PURCHASE — FAILURE TO BRING ACTION IN TIME — CONTESTANT MAY MAKE SECOND APPLICATION. — Under section 3417 of the Political Code, the failure of a party applying for the purchase of certain state lands to commence an action to determine a contest between himself and a prior claimant as to the right to purchase, within sixty days after an order referring the contest for trial is made, does not deprive him of the right to make a second application for the same land, and on the latter application to contest the right of the prior claimant to purchase.

APPEAL from a judgment of the Superior Court of San Bernardino County.

On the trial, the court below dismissed the action and rendered judgment in favor of the defendant, on the ground that the plaintiff, having failed to bring an action to determine the contest within the time limited by law, after the first order of reference was made, forfeited his right to contest the validity of the certificate of purchase issued to the defendant, and that the second order of reference, founded on the second application of the plaintiff, conferred no jurisdiction on the court to hear or determine the contest. The further facts are stated in the opinion of the court.

*Byron Waters*, for Appellant.

*Paris & Goodcell*, for Respondent.

TEMPLE, J.—This is a contest for the privilege of purchasing state land. The defendant first made application for the right to purchase June 21, 1884. The plaintiff afterward made application to purchase the same land, and initiated a contest with the defendant under sections 3414 and 3415 of the Political Code. The order of reference was made, but the plaintiff did not commence his action in the proper court within sixty days. And no action was ever brought to determine such contest.

November 8, 1885, after the lapse of the sixty days, the plaintiff made another application to purchase the land, and procured another order in due form referring the case to the Superior Court to try the contest.

Section 3417, Political Code, is as follows: —

"Unless the party contestant commences his action within sixty days after the order of reference is made, his rights in the premises and under his application cease."

It is contended that, not having brought suit on the contest inaugurated on the first application within sixty days, the plaintiff was barred from contesting the validity of the defendant's certificate of purchase, and that the second order of reference did not confer jurisdiction upon the court.

We see no ground whatever for such contention. Even if the effect of the failure to bring suit on the first reference would have the effect of depriving plaintiff of the right to make a second application to purchase, still the last order of reference gave the court jurisdiction to try the contest. The court might have determined the case for the defendant on the ground that plaintiff had failed to bring his suit within sixty days. But we do not think such failure to bring suit could have that effect. No doubt the effect was to work a forfeiture of all rights of plaintiff, both in the application and in the premises. But he then stood just like any other person. If there was any way in which he could afterward acquire a right, there is nothing in this statute to prevent. If he had no right to the premises, he was is no worse position with reference to the land than any other person who had no right. His last application cannot in any way be helped out by the first, for his rights to the premises ceased when he was in default. This section goes no further.

Judgment reversed, and cause remanded.

McKINSTRY, J., and PATERSON, J., concurred.