[No. 11922.    Department One. — March 28, 1889.]

## W. F. PEABODY, RESPONDENT, v. GEORGE W. PRINCE, APPELLANT.

78   511
83   110
78   511
113   53

PATENT — CONSTRUCTIVE TRUST — PLEADING. — If a patent to state lands is void, no constructive trust can be enforced therein by a third person alleging himself to have been entitled thereto; and if the patent is valid, no constructive trust can be enforced for fraud in procuring the patent, unless the claimant affirmatively alleges and proves that he possessed the necessary qualifications entitling him to a patent. It is not enough to allege that an application was made containing such facts.

ID. — FRAUD — CONTEST FOR STATE LANDS — DEFAULT — COLLATERAL ATTACK ON PATENT — EJECTMENT — CROSS-COMPLAINT. — A cross-complaint in ejectment, which seeks to enforce a constructive trust in a patent held by the plaintiff for fraud in its procurement, does not sufficiently allege fraud by averring that the patent was procured by a fraudulent arrangement of the plaintiff with another claimant of the land whose claim was purchased, and who withdrew from the contest and allowed the plaintiff to take judgment by default. If the claim purchased was valid, the defendant here could not have been injured, and if void, its purchase was unnecessary to the plaintiff's success. Nor can the defendant collaterally assail a patent valid on its face, on the ground that judgment upon the contest was rendered by default.

APPEAL from a judgment of the Superior Court of Santa Cruz County.

The facts are stated in the opinion of the court.

*S. O. Houghton*, for Appellant.

The judgment in *Peabody* v. *Benjamin* was procured by fraud, and decided nothing. (*Cleveland* v. *Chamberlain*, 1 Black, 425.) Peabody was bound to establish his

right by competent evidence. (*Lane* v. *Pferdner*, 56 Cal. 122.) Neither Peabody nor Benjamin ever had possession of the land, and defendant was an actual settler and resident thereon, and therefore alone entitled to acquire the title of the state. (Cal. Const., art. 17, 83; *Dillon* v. *Saloude*, 68 Cal. 267; *Manley* v. *Cunningham*, 72 Cal. 236.) The defendant, having by his written application to the surveyor-general, supported by the requisite proofs,—and before plaintiff had completed the purchase,—shown that he alone was entitled to acquire title to the land, has the right thereto, notwithstanding the patent held by plaintiff, and may impeach it collaterally. (*Smelting Co.* v. *Kemp*, 104 U. S. 646.) The title acquired by plaintiff by means of the patent is held in trust for defendant. (*Johnson* v. *Towsley*, 13 Wall. 72; *Moore* v. *Robbins*, 96 U. S. 530; *Sac. Savings Bank* v. *Hynes*, 50 Cal. 195.)

*J. M. Lesser*, and *J. H. Logan*, for Respondent.

The cross-complaint is insufficient in not showing that defendant was qualified to purchase the land. (*Ramsay* v. *Flournoy*, 58 Cal. 260; *Christman* v. *Brainard*, 51 Cal. 534; *Cadierque* v. *Duran*, 49 Cal. 356; *Wright* v. *Laugenour*, 55 Cal. 280; *Burrell* v. *Haw*, 40 Cal. 373; 48 Cal. 222; *Plummer* v. *Brown*, 70 Cal. 544.) The defendant is not in a position to attack the patent on the ground of fraud. The state alone can interfere. (*Moore* v. *Wilkinson*, 13 Cal. 478; *Cruz* v. *Martinez*, 53 Cal. 239; *Churchill* v. *Anderson*, 56 Cal. 55; *O'Connor* v. *Frasher*, 56 Cal. 499; 115 U. S. 102; *Smelting Co.* v. *Kemp*, 104 U. S. 646.) No new application could be entertained after the contest was referred. (*Vance* v. *Evans*, 52 Cal. 93; *Laugenour* v. *Shanklin*, 57 Cal. 70; *Cunningham* v. *Shanklin*, 60 Cal. 118.) The court had jurisdiction, and it can no more be objected that the court required no testimony at the trial than it can be objected that the testimony the court heard was not satisfactory and convincing. (*Burrell* v.

*Haw,* 48 Cal. 222; *Estate of Cook,* 14 Cal. 129; *United States* v. *Throckmorton,* 98 U. S. 61.)

WORKS, J.—The complaint is ejectment in the usual form. The defendant pleaded, by way of cross-complaint, in substance, that the lands in controversy were properly listed, and on or about March 1, 1869, relinquished and certified over to the state of California by the United States as lieu lands; that on the twenty-first day of March, 1870, the plaintiff made application to purchase the same from the state, which application was approved by the surveyor-general February 12, 1872; that plaintiff paid to the county treasurer of the proper county the amount required by law to be paid on the land, but did not pay the three dollars required to be paid for the certificate of purchase; that the surveyor-general had no authority to accept any application for the purchase of said lands, because there was no law then in force authorizing the sale thereof; that on the fourteenth day of May, 1878, one Benjamin made application to purchase said land, and his application was approved July 27, 1878; that on the 30th of June, 1879, the plaintiff filed his protest, and demanded that the contest between Benjamin and himself be certified to the proper court for trial, which was done on said day; that on August 28, 1879, the plaintiff brought his action against Benjamin to have said contest adjudicated and determined, to which action Benjamin appeared and answered.

The cross-complaint then proceeds to allege such facts as were necessary to show that said lands were vacant and open to settlement and purchase; that on the tenth day of August, 1882, the defendant made and filed his application to purchase the land, stating therein the facts required by law; that on the twenty-seventh day of October, 1882, he filed in the office of the surveyor-general the necessary proof that he was an actual settler, in good faith, on said land, and had resided thereon continu-

ously; that in said month of October he filed his protest against any evidence of title being issued to either the plaintiff or said Benjamin, which protest the surveyor-general refused to recognize, and refused to certify his said protest to any court.

It is further alleged that the plaintiff, well knowing that his application was invalid, fraudulently confederated with said Benjamin, with the intent to defraud the defendant out of his rights, and in pursuance of that object paid to said Benjamin a sum of money, in consideration of which Benjamin executed to him a conveyance of said land, and withdrew his answer in the contest pending between them, and stipulated that plaintiff should be allowed to proceed in said action, without any defense thereto; that plaintiff failed to record said deed and concealed the same; that on the twelfth day of April, 1884, the plaintiff presented said stipulation to the court and procured a judgment by default, and without offering any proof, procured a judgment entitling him to a patent for the land upon payment of the balance of the purchase-money, and thereafter procured a patent vesting the legal title to said property in him; that neither the plaintiff nor Benjamin were ever in possession of said real estate, or any part of it; that plaintiff was not entitled to judgment in his favor in said contest under the allegations of his complaint, and only procured the same through said fraud and conspiracy, and that by said fraud, the defendant was prevented from exercising the right given him by law of purchasing and acquiring the legal title to said land.

The prayer of the complaint is, that it be decreed that plaintiff holds the legal title to said land in trust for the defendant, and that he be required to convey to him.

The court below sustained the demurrer to this cross-complaint, and the defendant declining to amend, judgment was rendered against him on the demurrer, and he appeals.

The cross-complaint, so far as it attacks the plaintiff's patent, is based upon two grounds: 1. That the same was wholly void for want of authority in the surveyor-general to accept any application for the purchase of lieu lands, at the time the plaintiff made his application; 2. That the plaintiff procured the patent by a fraudulent arrangement with Benjamin, by which the latter withdrew from the contest and allowed the plaintiff to take judgment by default.

1. As to the first of these, we need not stop to inquire whether the surveyor-general had authority to accept the application, or not. The appellant contends that the patent was absolutely void for this reason. Conceding this to be true, it is fatal to the remedy sought to be enforced by the cross-complaint, the prayer of which is, that it be declared that the plaintiff holds the legal title in trust for the defendant, and that he be required to convey to him. If the patent was void, as claimed, the plaintiff had no legal title to hold or convey, and certainly a trust cannot be founded upon a void patent from the state.

Treating the patent as valid, the defendant, as we shall show in passing upon the second ground for relief, shows no right in the property to be enforced.

2. In order to recover on the ground of fraud, the defendant must show some interest in the property of which he was deprived by reason of the fraud. If he fails to do this, he shows no injury, and therefore no ground of complaint. In our judgment, the cross-complaint wholly fails to show any right in the defendant. It will be seen, from the foregoing summary of the allegations of the cross-complaint, that the defendant made his application to purchase long after those of both the plaintiff and Benjamin.

Conceding all that is claimed, as against the right of the plaintiff to purchase, it is neither alleged nor claimed that Benjamin's application, which stood in the way of

the defendant's right to purchase, was not valid. If it was, the defendant's application gave him no vested right in the property as against the plaintiff or any one else. But laying aside this impediment to his right to make application, he fails to show any right to purchase, or that any right could have vested in him by virtue of such application. The code requires that, in order to entitle a party to purchase, he shall make affidavit to certain qualifications necessary to entitle him to become such purchaser. (Pol. Code, sec. 3495.) And it is held by this court that when he attempts to assert his right to the land, under an application to purchase the same, he must affirmatively allege and prove that he possesses the necessary qualifications. (*Burrell* v. *Haw*, 40 Cal. 373; *Christman* v. *Brainard*, 51 Cal. 534; *Wright* v. *Laugenour*, 55 Cal. 280.) If this is necessary in a contest between the parties, it must also be necessary where one of the parties has already procured the patent, as in this case.

The cross-complaint does not allege these facts. It alleges that an application was made containing the facts, but this is not enough. It presents no issue as to the truth of the facts stated in the application, but only as to the fact of making it.

We do not regard the complaint as sufficiently alleging fraud. The only act averred is the purchase of Benjamin's interest in the property. If Benjamin's claim was valid, the defendant could not have been injured by its abandonment, as it stood directly in the way of his right to acquire the land. If invalid, its removal from the contest was unnecessary to the success of the plaintiff, and therefore the defendant could not be injured.

As to the claim that the judgment in plaintiff's favor in the contest was rendered without any evidence being given to support it, the judgment cannot be attacked for that reason in this collateral way. (*Burrell* v. *Haw*, 48 Cal. 222.) Again, conceding for the cross-complaint

all that is claimed for it in other respects, the patent having issued, and being valid on its face, its validity could not be attacked by the defendant on any such ground. The right to set aside the patent rested in the state alone. (*People* v. *Stratton*, 25 Cal. 242.)

Other grounds might be stated in justification of the ruling of the court below, but it would extend this opinion unnecessarily.

Judgment affirmed.

PATERSON, J., and BEATTY, C. J., concurred.