DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

---

[No. 12822.  In Bank. — April 22, 1889.]

## J. D. GREENWADE, Respondent, v. E. A. DECAMP, Appellant.

State Lands — Actual Settlement — Temporary Removal on Account of Sickness. — An actual settler upon state lands, who is compelled to seek a temporary residence elsewhere for the purpose of obtaining relief for a sick member of his family, does not thereby abandon his settlement.

Id. — Successive Applications for Purchase — Order of Reference — Evidence of Actual Settlement. — The failure of an applicant for the purchase of state lands to bring his action to determine a contest as to the right to purchase within sixty days after the order of reference was made, as required by section 3417 of the Political Code, does not prevent him, in an action instituted under a subsequent application and order of reference, from introducing evidence of acts of actual settlement upon the land, which had been performed by him prior to the date when the sixty days expired within which he should have instituted his action under the first order of reference.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Paris, Goodcell & Fox*, for Appellant.

*Byron Waters, Harris & Gregg*, and *William G. Webb*, for Respondent.

LXXIX. CAL.—1

FOOTE, C. — This action was instituted upon an order of reference from the state land-office to the superior court of San Bernardino County, to annul a certificate of purchase to the defendant, and have an adjudication that the plaintiff was entitled to purchase of the state the land involved in the controversy.

The plaintiff had judgment, and the defendant appeals from that and an order denying a new trial. The main contention for a reversal of the judgment is, that the findings are not supported by the evidence.

From the evidence the court was warranted in believing that the plaintiff settled upon the land in dispute with the intention of making it his home, and of residing there, in the capacity of an actual settler, with his wife and family; that he was prevented from maintaining his constant residence there by the necessity of seeking relief for his sick wife at various points, but that he never ceased to consider the land his home and residence, exercised all the care he could over it, left some of his household goods in the house he had built, and nothing in his conduct intimated that he intended to abandon the settlement he had thus actually made.

The court found "that the said defendant was not, at the time of filing his application, and never has been, an actual settler upon or in occupation of any portion of said land."

We cannot say that the evidence does not sustain the finding.

Another feature in the case, which it is claimed ought to have determined the controversy against the plaintiff is, that he did not, under a prior application he had made to purchase the land, comply with the provisions of section 3417 of the Political Code. That is, that he did not bring his action as a contestant within sixty days after the order of reference was made, on the first application. And this being so, and "his rights in the premises and under the application" having ceased, it is

claimed that he was not entitled in this action, under his second application and order of reference, to introduce evidence of acts of actual settlement upon the land which had been performed by him prior to the 6th of September, 1885, the date when the sixty days expired within which he should have instituted his action under the first order of reference.

If the statute means to declare that all evidence of *bona fide* actual settlement, made prior to the date when a suit could be brought on an order of reference, shall go for naught, be it ever so clear and satisfactory, and is absolutely of no avail to a settler under any state of facts, unless within sixty days after the making of the order of reference he shall bring his action to determine a contest, perhaps the contention of the appellant is maintainable.

In this case the proposition contended for amounts to this: that no evidence of acts of settlement is admissible if they occurred at any time prior to the day on which, under the rule of law laid down in the section of the Political Code, *supra,* the right to bring the action on the first order of reference ceased.

We do not think the law in question should be given so narrow a construction. It is a provision intended to compel one claiming to be an actual settler upon and a proposed purchaser of state land to have determined his contested right to purchase the land within a certain period of time. But it is not intended or declared that such acts shall not be admissible in evidence in an action upon a second application to purchase, and order of reference, to show actual settlement upon the land in controversy.

The claimant had no right to purchase the premises under the first application, because he did not bring his action in time. He is not precluded thereby from bringing an action upon a subsequent application to purchase and order of reference. He stands in the action brought

as he did before the first order of reference. His residence could avail him nothing under his first application, because he did not bring his action, as the law required, in time. But he brings this action as if the first application had never been made. He stands like any other person, as if he had never been given a first order of reference. (*Greenwade* v. *De Camp*, 72 Cal. 449.)

There is no obliteration of the existence of his prior acts of settlement, although it has resulted from his failure to bring an action in time, that he could not have maintained it under the first application to purchase and order of reference. It would seem, therefore, that in this proceeding, no prior action having been brought, that he was entitled to show any acts of settlement which he performed prior to the 6th of September, 1885.

We perceive no sufficient evidence of any occupancy of the land adverse to the plaintiff which would render his affidavit susceptible to the charge made, that it is false in that particular.

No prevailing reason has been advanced which should cause the judgment and order to be reversed, and we advise that they be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.