[Sac. No. 746.   Department One.— August 5, 1901.]

## L. S. SHERMAN, Respondent, v. M. J. WRIGHT, Surveyor-General, Appellant.

STATE LANDS — CONFLICTING APPLICATIONS TO PURCHASE — DEMAND FOR REFERENCE TO COURT — PREPAYMENT OF FEE ESSENTIAL — MANDAMUS. — Where an application is made to the register of the state land-office for the purchase of state lands, conflicting with prior approved applications, which were contested by the applicant, in order to make a valid demand for reference of the contest to the court, the prepayment of the fee therefor, which is due to the state, is essential. The register is not required to comply with such demand until the fee therefor is paid; and *mandamus* will not lie to compel the reference without first paying the fee.

ID. — FILING APPLICATION AND PROTEST — FEE NOT WAIVED — NON-COMPLIANCE WITH DEMAND — IMPLIED WAIVER. — The mere filing of the application and protest does not constitute a waiver of the fee for certifying the contest, where the demand therefor was not complied with, and there was no prepayment of the fee therefor. There can be no implied waiver of the payment of the fee in advance until the act is done for which the fee is to be paid.

ID. — FAILURE OF DEMAND FOR SIX MONTHS — CANCELLATION OF APPLICATION — PATENTS TO PRIOR APPLICANTS — LOSS OF RIGHT. — Where there was a failure of the subsequent applicant for more than six months to perfect the demand for a reference of the contest by prepayment of the fee therefor, the register of the land-office was authorized to cancel the subsequent application of the contestant, which became null and void, under the statute, and to issue patents upon the prior applications, which had been approved. The right of the contestant to complete the demand for reference by payment of the fee was thereby lost, and no subsequent payment could avail him.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. Matt F. Johnson, Judge.

The facts are stated in the opinion of the court.

Tirey L. Ford, Attorney-General, W. E. F. Deal, and Deal, Tauszky & Wells, for Appellant.

Leon Samuels, for Respondent.

GAROUTTE, J. — This is an appeal by defendant from a judgment of the superior court of Sacramento County awarding plaintiff a writ of mandate and from an order denying defendant's motion for a new trial.

Applications to purchase state lands were made to the register of the state land-office, respectively, by Mrs. Wrinkle and Samuel Levy. These applications were approved, and some two years thereafter, and pending the issuance of patents, this plaintiff filed an application to purchase certain portions of the lands covered by the previous applications. Accompanying his application was a protest directed against the issuance of patents to the first applicants, and a demand that the trial of the contest thus raised be referred to the proper court. Nothing further was done in the premises by plaintiff, and six months thereafter his application and protest were canceled, and patents issued to Wrinkle and Levy. About six months subsequent to this time, plaintiff tendered a three-dollar fee to defendant, and thereupon brought this proceeding for a writ of mandate, asking that the defendant be compelled to certify the contest created by the cross-applications and protest to the superior court of Inyo County.

Various questions are raised upon this appeal, but the court will devote its attention to one of them alone, as the conclusion arrived at upon its consideration is decisive of the case. And that conclusion is: no valid demand was made upon defendant by plaintiff that the contest be referred to the superior court for trial; and the weakness in the demand is found in the fact that no offer or tender of the fee of three dollars provided for by the statute was made to defendant when plaintiff's demand for reference was made. For reasons hereafter stated, the court attaches no importance to the fact that the fee was

tendered about the time this proceeding was inaugurated. Under the facts of this case, at least, that tender came too late, and availed nothing. The case stands exactly as though no tender of the fee was ever made.

Fees collected for services performed by the register of the state land-office are moneys belonging to the state; and section 501 of the Political Code provides: "The register must charge and collect fees as follows: For each certificate of purchase, duplicate, or patent, three dollars; for certifying a contested case to district court, three dollars." Section 3414 of the same code provides: "When a contest arises concerning the approval of a survey or location before the surveyor-general, or concerning a certificate of purchase or other evidence of title before the register, the officer before whom the contest is made may, . . . or when either party demands a trial in the courts of the state he must, make an order referring the contest to the district court of the county in which the land is situated, and must enter such order in a record-book in his office." The words here quoted, found in section 501 of the Political Code, "for certifying a contested case to the district court," mean the same as the following words, found in section 3414 of the Political Code: "He must make an order referring the contest to the district court of the county in which the land is situated, and must enter such order in a record-book in his office." When this order is made and entered, the superior court of the proper county has jurisdiction for trial purposes. It is said in *Lane* v. *Pferdner*, 56 Cal. 122: "The jurisdiction of the district court, under the late constitution, to try and determine a contest arising in the surveyor-general's office was *special*, and depended upon the *fact* that the surveyor-general had made an order 'referring the contest.' It was necessary, therefore, when an action was brought to try the rights of the contestants to purchase the lands, for the plaintiffs to allege and prove (by the production of the certified copy of the entry) that the surveyor-general made the order of reference. . . . The district court passed upon the fact which gave it jurisdiction, which fact could be proved by the certified copy. The complaint need not, however, aver that the certified copy of the order referring the contest had been filed in the district court before the action was commenced. It was sufficient to allege that the order had been made."

Section 3415 of the Political Code provides: "After such order is made, either party may bring an action in the superior court of the county in which the land in question is situated to determine the conflict, and the production of a certified copy of the entry, made by either the surveyor-general or the register, gives the court full and complete jurisdiction to hear and determine the action." This section simply provides a rule of evidence. Plaintiff claims that the making, by defendant, of the certified copy of the entry of the order is, in effect, "certifying a contested case to the district court," and therefore the fee of three dollars provided by the statute is to be charged for that service. But not so; for, as we have seen, the contest is referred to the court—that is, certified to the court—when the order of the register is made and entered in the record-book. When that is done, the parties may file their pleadings and prepare for trial. The case cited declares that the pleading is perfect when it alleges that an order has been made referring the contest. The certified copy of the entry of the order may not be made until the very moment when the trial is progressing, for that paper, as suggested, is simply a piece of evidence, nothing more. Surely, the contest has been certified to the court for trial before it is actually there upon trial. Hence it is plain that the order of reference and the entry thereof constitute the act of certifying the contest to the district court.

There can be no question but that when the contestant demands a reference of the contest to the courts, it is then his duty to pay the fee of three dollars for the service demanded. Neither is there any question but that it is his duty to pay the fee before the service is rendered. It may be said that in every case where fees are fixed by the statute for the performance of service by a public officer,—certainly so where those fees are moneys belonging to the state, county, or municipality,—it is the duty of the party demanding the service to tender the lawful fee in advance. And this is true, even though the statute does not so declare in terms. Plaintiff here demanded the performance of an official duty. The state was entitled to a fee of three dollars from plaintiff for the performance of that duty by defendant. Defendant was not called upon by the law to perform that duty until the fee was paid. The fee was not paid, and hence plaintiff cannot assert a fail-

ure of performance upon the part of defendant. Aside from the question of tender of the fee at a subsequent date, to which reference has been made, it may be said, that if plaintiff is entitled to the writ now, he was entitled to it the day after the demand for the reference was made. Yet a complete answer to the issuance of the writ at that time may be found in the fact that the fee had not been paid. Indeed, the very fact that plaintiff tendered the fee before bringing this proceeding shows that he considered its payment a condition precedent to the order of reference, and therefore necessary prior to the issuance of the writ. And it might be further suggested, that if there had been no tender of the fee in this case at all, that fact, of itself, would have been fatal to the issuance of the writ.

Plaintiff insists that defendant waived his right to charge the fee in advance when he filed the protest and demand, without demanding the fee of three dollars. He declares that thereafter it was too late to raise the question, but this cannot be so. If defendant had made the order of reference and entered it in the record-book without the payment of the fee, then, clearly, in the absence of fraud, any question of the validity of the order of reference would be foreclosed. But here the service for which the fee is to be paid has not been performed. Necessarily, there is no waiver of the payment of the fee in advance. There can be no implied waiver of the payment of the fee in advance until the act has been done for which the fee is to be paid.

Section 3498 of the Political Code, among other matters, provides: "All applications, under whatsoever act, filed in the office of the surveyor-general, must be retained ninety days before approval, . . . and all unapproved applications which have been on file over six months, wherein the approval has not been demanded, and wherein the contest has not been referred to court, or a demand made for an order of reference, as provided in section 3414 of the Political Code, shall be null and void." Under the authority of this section, defendant, six months after the filing of plaintiff's application, protest, and demand, canceled the same, and issued patents to the first applicants. By virtue of this section, plaintiff's application and protest were null and void at the time these patents were issued, unless there had been a previous valid demand for a reference. If plaintiff had tendered a fee at any time previous to the ex-

piration of the six-months' period, his demand would have ripened into a valid demand, but this he failed to do. A necessary element to the validity of the demand was a payment of the statutory fee. Before that was done, the demand was inchoate, and substantially incomplete. As already stated, mandate at any time prior to the issuance of the patents would not have run to compel a reference of the contest. If a demand made prior to that time was too weak to support a writ of mandate commanding defendant to order a reference of the contest, it was too weak to act as a bar to the issuance of the patents. When the statute (Pol. Code, sec. 3498) speaks of "a demand made for an order of reference," it means a demand which the register should obey. It follows that the patents were properly issued, and necessarily a tender of the fee made thereafter came too late.

For the foregoing reasons this proceeding must fail, and the judgment and order are reversed and the cause remanded.

Van Dyke, J., and Harrison, J., concurred.