[No. 1997.]

STEINHAUER ET AL. V. ARKINS.

**School of Mines—Board of Trustees—Diplomas—Mandamus.**

The board of trustees of the school of mines has no authority to issue a diploma to a student of the school except when required to do so by the school speaking through its faculty.   And mandamus will not lie to compel the board of trustees to issue such diploma where the plaintiff has failed to pass the examination required by the faculty, although his failure may have been chargeable to the hostility and wrongful conduct of the faculty.

*Appeal from the District Court of Arapahoe County.*

*On Rehearing.*

Mr. H. RIDDELL, for appellants.

Mr. E. T. WELLS, Mr. M. F. TAYLOR and Mr. JOHN T. BOTTOM, for appellee.

THOMSON, J.

The complaint alleged that the defendants were trustees of The Colorado State School of Mines, having authority and control over the administration of the affairs of that institution, with power to make rules and regulations for the government of the students, to provide and direct suitable methods for their education, and to confer degrees upon those taking the prescribed line of study; that at the September term, 1893, the plaintiff entered the school, and was enrolled therein as a student, and continuously pursued his studies, until the close of the ses-

sion of 1896-97; that he was of good moral character, obedient and attentive, took high rank as a student, and became fully equipped with the knowledge and scientific information necessary to entitle him to a degree as mining engineer; that the president and professors of the school, without cause or provocation, became inimical to the plaintiff, and conspired together to prevent him from obtaining his degree as mining engineer; that in April, 1897, for the accomplishment of their purpose, they deprived him of his rank as a student, and notified him that he would not be permitted to graduate with his class; that, thereupon, he appealed to the board of trustees, who ordered that he be permitted to continue the regular course of the graduating class to the end of the school year, taking such examinations as belonged to his course, that the faculty make report to the board at its next meeting of the result of such examination, and that the examination should not be severer than that of other members of his class; that in defiance of 'the order so made by the board of trustees, actuated by malice against the plaintiff, still conspiring to prevent him from receiving his graduating degree, and, proposing to render it impossible for him 'to pass an examination, the faculty exacted of him answers never required of his class, subjected him to a line of examination entirely at variance with the order of the board, and, refusing him an opportunity to be heard, reported against his right to graduate, charging him with reprehensible conduct of which he was not guilty; that the board of trustees—these defendants—without investigation, accepted the report of the faculty as final, and refused to allow him to graduate, although a diploma entitling him to a degree as mining engineer had been prepared and was in their possession; and that the plaintiff, in his attendance upon the school, had expended more than

$2,000. The prayer was for a decree that the defendants issue to the plaintiff the regular diploma evidencing the degree of mining engineer of the Colorado school of mines.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and, the defendants declining to plead further, judgment was rendered in favor of the plaintiff according to the prayer of his complaint. The defendants have brought the case here by appeal.

The question presented by this demurrer is whether, upon the averments of the complaint, the plaintiff is entitled to the relief which he seeks. From the statements in that pleading, it appears that, as an essential prerequisite to the conferring upon him of a degree, he must pass an examination to the satisfaction of the faculty.

The following is section 3074 of Mills' Annotated Statutes: "The State School of Mines shall have for its object, to furnish such instruction as is provided for in like technical schools of a high grade, and may, by its board of trustees, confer all degrees appropriate to the courses of study pursued."

The school furnishes the instruction through its faculty. In the conferring of degrees, it is represented by its board of trustees. It belongs to the faculty, by whom the instruction is imparted, to say whether a student possesses the proper qualifications to entitle him to a diploma. The necessary examination must, therefore, be conducted by it. It is the school which confers the degree, and the agency through which it acts in so doing is its board of trustees. The board has no power to issue a diploma except when required to do so by the school, speaking through its faculty. In a given case the faculty determines by an examination whether the candidate is

entitled to a degree. In the decision of the question the trustees have no voice. They are bound by the judgment of the faculty, and can act only as the faculty direct.

The plaintiff did not pass the required examination. The complaint charges his failure upon the hostility of the faculty. If the faculty wrongfully deprived him of an advantage to which he was entitled, possibly he had a remedy; but their conduct, whether wrongful or not, gave him no right of action against the trustees.

This suit was instituted to compel the defendants to do something they have no authority to do, and which cannot lawfully be done by them; and the demurrer should have been sustained. See *People v. Medical College,* 20 N. Y. Supp. 379.

The judgment will be reversed.        *Reversed.*