[Civ. No. 338.   Third Appellate District.—July 30, 1907.]

## THOMAS EWBANK, Appellant, v. J. A. MIKEL, Respondent.

STATE LANDS—CONTEST—ORDER OF REFERENCE—LIMITATION OF TIME FOR ACTION—FORFEITURE OF RIGHTS—UNTENABLE ACTION TO ENFORCE TRUST.—Under section 3417 of the Political Code, a party contesting the right to the issuance of a patent, though he be a settler on the land with intent to purchase when the application for a patent was made, and though such application was illegal on that ground, must commence his action within sixty days after the order of reference of the contest is made by the surveyor general, as register of the land office, and entered in the proper book in his office, else his rights are forfeited, and he ceases to be in privity with the state, and cannot thereafter maintain an action to enforce a trust against the applicant for the patent, where no new contest was instituted before the patent was obtained.

ID.—PATENT OBTAINED BEFORE SUIT—POWER TO SET ASIDE LIMITED TO STATE.—Where, for failure of the contestant to commence his suit in time, the defendant obtained his patent from the state upon a certificate of the clerk that no suit had been commenced, the state alone has the right to set aside the patent.

APPEAL from a judgment of the Superior Court of Kings County.   M. L. Short, Judge.

The facts are stated in the opinion of the court.

Robert W. Miller, for Appellant.

H. P. Brown, and Chas. G. Lamberson, for Respondent.

CHIPMAN, P. J.—Action to obtain a decree that the legal title to certain state land, evidenced by a patent from the state to the defendant, is held by defendant in trust for plaintiff. A general demurrer to the complaint was sustained without leave to amend, and plaintiff appeals from the judgment dismissing the action.

The land in question is the east half of section 35, township 21 south, range 19 east, Mount Diablo base and meridian, being land uncovered by the recession of the waters of Tulare

lake, and which thus became state lands. It is averred in the complaint that said section 35 was surveyed and sectionized and the survey made to conform to the United States surveys, and a plat of the survey, with copy of the field-notes, duly filed in the office of the state surveyor general on June 7, 1899, and said land became subject to sale by virtue of the act approved March 24, 1893. (Stats. 1893, p. 341.) On July 15, 1903, defendant filed in the office of the state surveyor general his application to purchase the whole of said section, which was approved by said surveyor general, and on November 27, 1903, a certificate of purchase of said lands was issued to defendant. It is averred that in certain essential particulars, specifically set forth, the affidavit of defendant accompanying his said application was untrue; that on June 12, 1905, said land was vacant and unoccupied, and on that day plaintiff entered into possession of the east half of said section, with the intention of settling thereon, and pursuant thereto constructed a dwelling thereon; that on said day he filed his application with the said surveyor general to purchase said land and at the same time made protest against the issuance of further evidence of title to defendant, and made demand that the contest thereby created be referred to the superior court of Kings county for adjudication of the respective rights of the parties to purchase said east half of said section; that on June 30, 1905, the surveyor general made and entered of record an order of that date referring the contest to said court, which said order is fully set forth in the complaint; that thereafter, to wit, on July 11, 1905, the said surveyor general caused the said profert of reference to be certified and plaintiff's attorney notified thereof by letter of the same date and that said profert was received and filed in the office of the clerk of said court on July 13, 1905. It is then averred that with intention to deceive the surveyor general into believing that "full sixty days had elapsed since the issuance of the said profert and order of reference aforesaid," defendant, on August 30, 1905, caused the county clerk of said county "to certify to the said Surveyor General that up to that date no action had been commenced in the said Superior Court" by plaintiff herein, in the matter of said conflicting claims, which said certificate defendant telegraphed to said surveyor general, and demanded that a patent issue to defendant; that thereafter the said surveyor general issued to said defendant a

patent for said land; that resting in the belief that he had until September 10, 1905, or sixty days after July 11, 1905, in which to commence his action in said court, plaintiff, on September 6, 1905, commenced said action. There is no allegation of intentional wrongdoing on the part of the surveyor general in the issuing said patent, but only that he was deceived by said certificate of said clerk and by the records in his office into the belief that full sixty days had elapsed since said order of reference and profert were made. The present suit was commenced September 21, 1905.

Assuming the averments of the complaint to be true, as we must, it may be conceded, as contended by plaintiff, that defendant's application was and is invalid; and that the contest having been referred to the superior court for determination, the surveyor general was without authority to issue a patent until the final judgment of the court had been duly certified to him. It must also be conceded that equity will control a patent in the hands of one who has procured its issue to him in fraud of the rights of the rightful owner. It was so held in *McFaul* v. *Pfankuch,* 98 Cal. 404, [33 Pac. 397], and *Mery* v. *Brodt,* 121 Cal. 338, [53 Pac. 818]. Thus much conceded, still the judgment on the demurrer must be affirmed.

Section 3417 of the Political Code is as follows: "Unless the party contestant commences his action within sixty days after the order of reference is made, his rights in the premises and under his application cease." The contest is certified to the court when the order of the surveyor general, as register of the land office, is made and entered in the proper record-book. The sixty days mentioned in the statute begin to run when such order is made and entered, and the contestant may at once commence his action. The certified copy of the entry of the order may not be furnished until the trial, as it is but evidentiary of the fact that the order of reference was made (*Sherman* v. *Wright,* 133 Cal. 539, [65 Pac. 1096]), where it was said: "Hence it is plain that the order of reference and the entry thereof constitute the act of certifying the contest to the district court." The contention of appellant that the sixty days began to run from the date of the certified copy of the order of reference sent to plaintiff's attorney finds no support in any proper construction of the statute or in the decisions of our courts. Plaintiff instituted the contest and was bound to take notice of the entry of the order of reference

in the surveyor general's office and govern himself accordingly. Plaintiff is in error in his contention that it was the duty of the surveyor general to notify plaintiff of the order of reference, and that until he did so the time prescribed by the statute did not begin to run. It is true that section 3415 provides that complete jurisdiction of the court attaches upon the filing of the copy of the certificate of reference with the clerk, but jurisdiction may also attach by the filing of the complaint before such filing of the certificate. Section 3415 cannot be held to modify or change in any way the plain provisions of section 3417. The running of time under the latter section, as a statute of limitations, in no wise depends upon the jurisdiction of the court.

We are next to consider the effect upon plaintiff's rights through his failure to commence his action in time. This is very clearly pointed out in *Greenwade* v. *DeCamp*, 72 Cal. 448, [14 Pac. 177]. "The effect was to work a forfeiture of all rights of plaintiff, both in the application and in the premises." He could have filed another application and thus have acquired a right (*Id.*), but he could not, upon an application thus forfeited, successfully pursue his rights under the action commenced by him after the statute had run against his right to commence the action.

Conceding that the averments of defendant's fraud are sufficient in law, it was still incumbent upon plaintiff to connect himself with the paramount source of title to entitle him to bring the action. Defendant's patent may be invalid by reason of the facts averred in the complaint, and yet this fact would be of no avail to plaintiff as a stranger to the title. (*Mery* v. *Brodt*, 121 Cal. 332, [53 Pac. 818].) There must be a privity of title between plaintiff and the state; he must possess some right, title, interest or claim in or to the lands acquired before the final transmission of title and which is recognized by the laws of the state as valid. (*Robinson* v. *Forrest*, 29 Cal. 320.) In *Plummer* v. *Brown*, 70 Cal. 546, [12 Pac. 465], the court said: "To entitle the alleged owner, however, to equitable relief, he must show that he occupies such status as entitles him to control the legal title." But we have seen (*Greenwade* v. *DeCamp*, 72 Cal. 448, [14 Pac. 177]), that plaintiff forfeited all right to the land and to his application by his failure to commence his action in time, and it is not shown that he took any steps to acquire any further

or any new right. He has, therefore, failed to state a cause of action.

Appellant contends that he is in privity with the state by reason alone of his occupation of the land as a settler, with the intention, as he alleges, of purchasing it. (Citing *Perri* v. *Beaumont,* 91 Cal. 30, [27 Pac. 534]; also, *Hinckley* v. *Fowler,* 43 Cal. 64.) In the case of *Perri* v. *Beaumont,* 91 Cal. 30, [27 Pac. 534], plaintiff by his complaint showed that he was an actual settler upon the land, having made valuable improvements thereon and being desirous of purchasing the premises, and that he possessed all the requisite qualifications to purchase at the time he filed his application, but he failed to show that the land was surveyed at the date of his application to purchase. He also showed that defendant's application and certificate of purchase were invalid, and that he had no right to a patent. The trial court sustained a general demurrer to the complaint, and, plaintiff failing to amend his complaint, gave judgment for defendant. Upon appeal the court held that plaintiff had the right to institute the contest, and though not himself entitled to judgment, as he failed to allege that the land was surveyed, he had sufficient interest to entitle him to prevent defendant from obtaining a patent; that by its judgment the trial court placed defendant in position to obtain a patent which would have been conclusive against plaintiff; that the demurrer was improperly sustained, and that plaintiff should have leave to allege by amendment that the land was surveyed when he made his application. If plaintiff here had commenced his action in time, thus preserving his right under his application, the case of *Perri* v. *Beaumont* would apply. But suffering a forfeiture of all his rights, by his own act, he ceased to be in privity with the state. His status was altogether different from that of Perri in *Perri* v. *Beaumont,* who was a qualified purchaser and who was in court upon a complaint insufficient in one respect as to his own rights, but sufficient to compel an adjudication of defendant's rights. The right to set aside the patent rests alone with the state. (*People* v. *Stratton,* 25 Cal. 242; *Carder* v. *Baxter,* 28 Cal. 99; *Peabody* v. *Prince,* 78 Cal. 511, [21 Pac. 123].)

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.