CELESTIA BERNARD *vs.* NEAL CAFFERTY.

In an action for malicious prosecution, the *St.* of 1852, *c.* 312, § 2, *cl.* 9, does not require a copy of the whole or any part of the process or judgment in the prosecution to be set forth, nor the legal effect thereof to be stated, in the declaration.

ACTION OF TORT for malicious prosecution, by writ of attachment from the police court of Pittsfield, upon which Bernard's property was attached and a trial was had and judgment rendered for him by the police court; and also by making a complaint to that court, charging Bernard with perjury, and obtaining a warrant thereon, upon which he was arrested and held for trial; and for procuring an indictment and prosecuting it against him in the court of common pleas, upon which he was there tried, acquitted and discharged.

The defendant demurred to the declaration, because neither the aforesaid writ of attachment, complaint, warrant and indictment, the other proceedings and the judgments in the police court and in the court of common pleas, nor any part thereof, nor the legal effect of the same, was set forth in the declaration as required by *St.* 1852, *c.* 312, § 2, *cl.* 9, which provides that " all written instruments except policies of insurance shall be declared on, or availed of in the answer or subsequent allegation, by setting out a copy thereof, or of such part as is relied on, or the legal effect thereof, with proper averments to describe the cause of action or the defence "; and that " if the instrument relied on be lost or destroyed, or not in the power of the party who relies on it, he shall state the substance of it as nearly as he can, and state the reason why a copy is not given." The court of common pleas overruled the demurrer, and the defendant appealed.

*J. Rockwell,* for the defendant.

*S. W. Bowerman,* for the plaintiff.

METCALF, J. The court are of opinion that the ninth clause of the second section of the practice act (*St.* 1852, *c.* 312) does not require a plaintiff to set out, in his declaration, a copy of

any written instrument or any part thereof, except an instrument, or such part thereof, as he relies on as the ground of action ; the instrument on which his action is founded. In the present case, the ground of action is the alleged malicious prosecution of the plaintiff, without probable cause ; not the process or judgment which it may be necessary for him to prove in order to support his action. *Demurrer overruled.*