## THE UNITED STATES *vs.* CHARLES H. MERRIAM, As Registrar of Conveyances of the Territory of Hawaii.

### January 25, 1906.

*Basis of Action:* In an alternative petition for mandamus to compel a Registrar of Conveyances to record a judgment, the alleged refusal of the respondent and not the judgment, is the basis of the action.

*Pleading:* In such case the judgment need not be made, by copy, a part of the petition.

*Same—Surplusage:* An allegation of such petition that a copy of a judgment was "duly and regularly and properly certified by the clerk of this Court," has no greater force than if the words "duly and regularly and properly" were absent, and the petitioner is not required to set forth how such judgment was "duly and regularly and properly" certified.

*Same—Same:* An allegation of such petition which specifies the performance of the requirements of statutes providing for registration of documents, and adds the general averment that plaintiff "did in every respect comply with the said laws," is sufficient without a further setting forth "wherein or how" the plaintiff "did in every respect comply," &c.

*Duty of Registrar of Conveyances to Record Instruments—When:* The legal requirements for the registration of an instrument having been alleged as performed, the duty of the Registrar to record, is sufficiently shown.

At Law:   Petition for Writ of Mandamus.

*Demurrer to Petition.*

J. J. Dunne, Ass't. U. S. District Attorney (Smith & Lewis, of Counsel) for Petitioner.

E. C. Peters, Attorney General of the Territory, for Respondent.

Dole, J.   The petition herein and the alternative writ of mandamus were demurred to on the ground that they did not state facts sufficient to entitle the plaintiff to the relief in said petition and writ prayed for, the first point being "That a

"certified copy of that certain judgment of condemnation en-
"tered on to-wit, the 14th day (of July), A. D. 1905, of that
"certain proceeding for condemnation as in paragraph first of
"said petition set forth, is not made a part and attached to said
"petition."

The alleged refusal of the respondent to perform his legal
duty and not the judgment referred to, is the basis of this action.
This being the case, it is not necessary that the words of the
judgment should be set forth in the petition.    *Bernard v.
Cafferty,* 77 Mass., 10, 11; *People v. Ransom,* 2 N. Y., 490,
496.

The second point is, "That it does not appear from said peti-
"tion wherein or how the said judgment so recovered as in said
"petition set forth and particularly by the 5th paragraph
"thereof was 'duly and regularly and properly certified by the
" 'clerk of this Court.' "

"The very term, *certified copy,* imports that it was an office
copy, so certified, and must be so presumed to be here." *Dore-
mus v. Smith,* 4 N. J. L. 160, 161.

" 'To certify' means to testify to a thing in writing, and the
statute does not prescribe any particular form of certification."
*State v. Brill,* 59 N. W., 989, 990-1; *Kipp v. Dawson,* 60 Id.,
845, 846.

These authorities apply directly to this point.    No form of
certificate is provided by the statute; the certificate of a clerk
of a court making the judgment is an official certificate and
must be so presumed.    In the words of the petition quoted by
the demurrer, to-wit, "duly and regularly and properly certi-
"fied by the clerk of this Court," the words "duly and regularly
"and properly" may be regarded as unnecessary and surplusage,
for if the allegation had been merely "certified by the clerk of
"the court," it would have been sufficient.

The third point is as follows:    "That it does not appear from
"said petition wherein or how the United States of America
"through its agents thereunto duly authorized,' did in every re-

" 'spect comply with the said laws of the Territory of Hawaii " 'required of persons presenting instruments for record.' "

The case of *Shively v. Pennoyer*, 27 Oreg., 33, 36, cited by respondent, decides that in an application for the purchase of land, where the statute provides that such application shall be accompanied by an affidavit of the applicant to the effect that he is eighteen years old and a citizen of the United States; that he has not made any previous purchase of lands from the State which, together with the lands applied for exceed three hundred and twenty acres; that the purchase is for personal use and not for speculation, and that no agreement has been made for the disposal thereof in case the application is granted; the averment that "plaintiff made a written application in the " 'manner prescribed by law' " was "a conclusion of law, and "not a statement of facts from which the court can determine "its sufficiency." This authority does not dispose of the question on this point before the court, inasmuch as the requirements of law for the registry of the judgment obtained under the statute of Eminent Domain of this Territory are that a certified copy of such judgment shall be filed in the office of the Registrar of Conveyances and the statutory fees paid for the registration thereof. The petition alleges that a "copy of such "judgment so recovered as aforesaid, duly and regularly and "properly certified by the clerk of this Court," was offered to the respondent for record, and that "the fees for such recording "required by the laws of the Territory of Hawaii to be paid" were tendered at the same time. The further allegation of the petition, to-wit, that the plaintiff "did in every respect comply "with the said laws of the Territory of Hawaii required of persons presenting instruments for record," was unnecessary and may be regarded as surplusage after the other allegations referred to, as the latter cover the whole ground and allege performance of all the requirements of the statutes for the record of judgments made under the law of Eminent Domain.

The last point is as follows: "That it does not appear from "said petition that on the first of August, A. D. 1905, it was

"the duty of this respondent, either by virtue of law or fair "inference therefrom to receive the said certified copy of the "judgment in said cause for record."

The conditions necessary for the record having been alleged as performed, the law required him to admit the instrument for record.

The demurrer is technical, there appearing, in my opinion, no allegations in the petition that the respondent may not and should not answer.

The demurrer is overruled on all points.

The respondent may have five days in which to make further answer or plea.