May Term,
1857.

HOOVER *v.* WOOD.

Where no exception was taken to the refusal of a new trial, and the evidence was not made part of the record, and no question was reserved under the statute, no question is presented in this Court.

The evidence not being in the record, instructions to the jury not in themselves erroneous under a supposable state of facts, will be presumed to be correct.

While the Courts cannot shun the discussion of constitutional questions when properly presented, they will not go out of the way to find such topics, nor seek to draw in such weighty matters collaterally, or on trivial occasions.

*Saturday,*
*June 6.*

APPEAL from the *Delaware* Court of Common Pleas.

STUART, J.—*Wood* sued *Hoover* before a magistrate, for the value of a cow alleged to have been killed on *Hoover's* premises, by his neglect. On the trial, *Wood* had judgment for 14 dollars. On appeal to the Common Pleas, there was a jury trial; verdict and judgment for 10 dollars. *Hoover* appeals.

The appellant's motion for a new trial was overruled; but no exception was taken, nor is the evidence in the record. We have repeatedly held that such a record presents nothing to be considered. We know of no way to bring questions to this Court but that furnished in the practice act. 2 R. S. pp. 115, 116 (1).

Certain instructions given to the jury are also set out in a bill of exceptions. For the same reason we cannot review them. The evidence is not in the record, nor is there a question reserved under the statute. 2 R. S. *supra.*— *Starry* v. *Winning*, 7 Ind. R. 311. The instructions are not in themselves erroneous under any supposable state of facts; everything else will be presumed in favor of the ruling below (2).

The only question argued here is the constitutionality of the law authorizing county boards to determine what animals shall run at large in the respective townships. 1 R. S. p. 102.

If all new constitutions prove as fruitful of argument and litigation as our own, the people should indeed be cautious how they encourage change. Almost every case that

comes here, though it be barren of any other point, is sure
to involve a constitutional question.

Here, though the pleadings are in brief, we can readily imagine what they were. *Wood's* cow is killed on *Hoover's* premises, through his alleged neglect. *Hoover* says she was trespassing. *Wood* replies that the county board of *Delaware* county passed an order prescribing what animals may run at large in the several townships; and that cows were named. *Hoover* rejoins *ore tenus*, that the law authorizing the county boards to pass such order is unconstitutional. And it is due to counsel to say that the point is ingeniously discussed.

It is urged, with great force, that the legislature can no more take, or authorize to be taken, either directly or indirectly, the grass upon· *A. B.* and *C.'s* lands, than their grain or other products; and that to assume unenclosed lands to be commons, subject to common pasture, is virtually appropriating private property without compensation.

In another part of the argument, it is perspicuously stated, whether consistently with the position first assumed or not it is needless to inquire, that the use of fences is to keep the owner's cattle in, and not to shut his neighbor's cattle out. However this may be theoretically, the practical view of it is, that fences may well answer both purposes (3).

While Courts cannot shun the discussion of constitutional questions when fairly presented, they will not go out of their way to find such topics. They will not seek to draw in such weighty matters collaterally, nor on trivial occasions. It is both more proper and more respectful to a co-ordinate department, to discuss constitutional questions only where that is the very *lis mota*. Thus presented and determined, the decision carries a weight with it to which no extra-judicial disquisition is entitled.

Acting on that principle, we are not advised in what way the law referred to came up; nor whether it had any bearing on the case. The record does not inform us how the cow was killed. Nor does it appear what negligence of the defendant contributed to that result. All we know

May Term,
1857.

is what the jury say by their verdict. And in the state of the record, we must presume their conclusions correct. There is clearly no constitutional question involved.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*T. J. Sample*, for the appellant.

*J. S. Buckles*, for the appellee.

(1) See note to *Wheeler* v. *Carpenter*, *ante*, 153, for cases.

(2) See note 3 to *Manly* v. *Hubbard*, *ante*, 233, for cases.

(3) See *The Indianapolis, &c., Railroad Co.* v. *Kinney*, 8 Ind. R. 402; *Williams* v. *The New Albany, &c. Railroad Co.* 5 *id.* 111; *The Lafayette, &c., Railroad Co.* v. *Shriner*, 6 *id.* 141; *Page* v. *Hollingsworth*, 7 *id.* 317.