[Filed February 22, 1892.]

## JOHN S. ELLIOTT v. TURNER OLIVER.

MANDAMUS—SUFFICIENCY OF WRIT—STARE DECISIS.—A writ of mandamus must itself state facts sufficient to authorize the court to grant the relief sought, and will not be aided by reference to the petition. *McLeod* v. *Scott*, 21 Or. 94, followed and approved.

CONSTITUTIONAL LAW—PRACTICE.—This court will avoid deciding upon the constitutionality of a statute whenever there appears in the record any other ground sufficient to sustain a proper disposition of the case in judgment.

Union county: JAMES A. FEE, Judge.

Plaintiff appeals.    Affirmed.

*T. H. Crawford, Shelton & Carroll, H. H. Hewitt, C. E. Wolverton,* and *Tilmon Ford,* for Appellant.

*Robert Eakin, Cox, Teal & Minor,* for Respondent.

LORD, J.—This is an action of mandamus brought by the plaintiff, as recorder of conveyances for Union county, against the defendant as county clerk of said county, to recover the possession of certain records to which he claims to be entitled by virtue of his office. Upon the petition being filed, an alternative writ was issued, and to this writ the defendant demurred, and the trial court sustained the demurrer and dismissed the action. From this judgment of dismissal the plaintiff appeals, and assigns as error the sustaining of the demurrer. The demurrer to the writ, among other grounds, specifies that it does not state facts

sufficient to constitute a cause of action; and the court below so held, for the reason that the act of the legislative assembly of 1889, creating the office of recorder of conveyances, is unconstitutional and void. In that view it would not be possible for the plaintiff, who claims to hold the office by virtue of such act, to state facts sufficient to constitute a cause of action that would entitle him to the possession and custody of the records, which he seeks to obtain by this proceeding.

We ought, however, before we proceed to consider the objection urged by the defendant to the constitutionality of the act, to be satisfied that the writ stated facts sufficient to involve its consideration, and that its determination was necessary in the decision of the cause. Under the code the petition upon which the writ issues is no part of the pleadings, and the writ must be sufficient in itself to show precisely what is claimed, and the facts upon which the claim is made. Section 569 provides that the alternative writ shall state concisely the facts according to the petition, showing the obligation of the defendant to perform the act, and his omission to perform it, and command him, that immediately after the receipt of the writ, or at some other specified time, he do the act required to be performed, or show cause before the court or judge thereof by whom the writ was allowed, at a time and place therein specified, why he has not done so, and that he then and there return the writ with his certificate annexed of having done as he is commanded, or the cause of his omission thereof. Section 598 provides that on the return day of the writ, or such further day as the court or judge thereof may allow, the defendant on whom the writ shall have been served may show cause by demurrer or answer to the writ in the same manner as to a complaint in an action. The verified petition forms the basis upon which the court may issue the writ, but when issued, it ceases to have any office to perform. The facts stated in the writ should be the same

facts stated in the petition for the writ, as no resort or reference can be had to the petition in aid of the writ.

"There can be no question," said STRAHAN, J., "as to the proper practice. The writ itself ought to contain every material fact alleged in the petition upon which the plaintiff relies, making it the duty of the defendant to act or do the particular things which the plaintiff demands." (*McLeod* v. *Scott*, 21 Or. 94.) It is the writ which is the foundation of all the subsequent proceedings and which may be demurred to or answered in the same manner as a complaint in an action. It is made to serve the same purpose as the complaint in other actions, and therefore must state all the material facts and show a clear right to the relief demanded. To the writ itself then we must look to determine whether the facts stated are sufficient to support the action. It simply recites that whereas it manifestly appearing that the plaintiff is entitled to the possession of the books, papers, and records, etc., which he alleges you (defendant) illegally retain in your possession and custody, therefore we command you that immediately upon the receipt of this writ that you do deliver to the plaintiff the following records, etc., or that you show cause at a day specified why you have not done so.

It nowhere appears from the writ that the plaintiff is recorder of Union county, or ever was elected such recorder, or by what right or authority he claims or demands the possession of such records, nor does it appear that defendant is county clerk, or by what right or authority he retains or withholds such records. It does not set forth the facts on which the plaintiff relies nor apprise the defendant of the grounds upon which the remedy is sought.

It is not possible for the court to determine from the allegations in the writ who is entitled to the custody of the records in question. The writ, in effect, does no more than to command the defendant to deliver such records or show cause why he has not done so. There are absolutely no

facts stated in it upon which an action can be based. Treated as a complaint, it does not state facts sufficient to constitute a cause of action, and can form no basis on which a judgment can stand. Nor is this result denied; for counsel for defendant admit that the writ does not state such facts in itself as would justify the court in rendering any order upon it, but they say, owing to the importance of the question as a matter of public concern, they are willing to waive all matters of form and treat the petition and writ together, so as to supply the necessary facts and to have the case determined upon its merits. If we clothe the writ or aid it with the facts alleged in the petition, then the writ contains facts sufficient to state a cause of action, provided the act of the legislature creating the office of recorder is constitutional; but if the act be unconstitutional, then the writ does not state facts sufficient to constitute a cause of action. The petition is no part of the pleadings; and the writ, as it stands, states no cause of action unless it be aided by the facts alleged in the petition, and then only in the event that the act is constitutional. Can we, then, disregard the demurrer and supply from the petition the want of facts in the writ in order to raise and determine the constitutional question when a decision upon that point is not necessary as the record stands? In a word, will the court consent to have a case made, when the record certified to us presents none, in order to pass upon the validity of a statute? As a general rule, a court will not pass upon a constitutional question and decide a statute to be invalid unless a decision upon that very point becomes necessary to the determination of the cause.

"The decision of a question involving the constitutionality of an act of the legislature," said Mr. Chief Justice MARSHALL, "is one of the gravest and most delicate of judicial functions; and while the court did meet the question with the utmost fairness when its decision was indispensable, it is the part of wisdom, and a just respect for t e

legislature renders it proper to waive it if the cause in which it arises can be decided on other points." ( *Ex parte* Randolph, 2 Brock. 448.)

" While the courts cannot shun the discussion of constitutional questions when fairly presented, they will not go out of their way to find such topics; they will not seek to draw in such weighty matters collaterally nor on trivial occasions. It is both more proper and more respectful to a coördinate department to discuss constitutional questions only when that is the very *lis mota.* Thus presented and determined, the decision carries a weight with it to which no extra judicial disquisition is entitled." (Stuart, J., in *Hoover* v. *Wood,* 9 Ind. 287.)

"In any case therefore," says Judge Cooley, "where a constitutional question is raised, though it may be legitimately presented by the record, yet if the record present some other and clear ground upon which the court may rest its judgment, and thereby render the constitutional question immaterial to the case, that course will be adopted and the question of constitutional power will be left for consideration until a case arises which cannot be disposed of without considering it, and when consequently a decision upon such question will be unavoidable." (Cooley's Const. Lim. \*163.)

In view of these considerations and the further consideration, that if we resurrect the petition and use it to supply the writ with sufficient facts to raise the constitutionality of the act, and should hold the same to be constitutional, there would still remain for us to determine the respective rights of the parties in regard to the possession of these records under the statute which, if we should likewise decide adversely to the defendant, would require us to overrule the demurrer, reverse the judgment, and award a peremptory writ; or, on the other hand, to affirm the judgment on the ground that the act creating the office of recorder of conveyances is void. It does not seem to us

Points decided.

that the petition, which is no part of the pleadings, can be used and its facts appropriated to clothe the writ with sufficient facts to make a case for this purpose. It is not the proper practice and would create a bad precedent. The fact that we would be likely to declare the act to be constitutional can not affect the question nor change our duty in the premises.

While we should be glad to accommodate counsel, who have presented to us a very able and interesting argument, we would be unmindful of the obligations which our station imposes and the respect due to a coördinate branch of the government to undertake to pass on the validity of a statute when its consideration was not presented by the facts of the case for our determination. For these reasons we affirm the judgment of dismissal, not because the act is unconstitutional, but for want of sufficient facts in the writ to sustain a judgment.