Argued January 16; decided March 4, 1895; rehearing denied.

## SHIVELY *v.* PENNOYER.
[39 Pac. 396.]

1. PLEADING — ALTERNATIVE WRIT OF MANDAMUS.— The alternative writ is to be deemed the complaint in mandamus proceedings, and the matters therein set forth must be sufficient to authorize the relief prayed for without regard to the petition.*

2. PLEADING — REQUISITES OF THE WRIT — CODE, § 3600.— An alternative writ of mandamus to compel the board of land commissioners to execute a deed conveying certain state land to petitioner must on its face show that the applicant has complied with the requirements of section three thousand six hundred, Hill's Code; and a statement that plaintiff had made a written application to the board to purchase the land in question "in the manner prescribed by law" is pleading a conclusion of law, and is not sufficient to justify the writ: *Stewart* v. *Alstock*, 22 Or. at page 189, approved and followed.

3. ESTOPPEL ON BOARD OF LAND COMMISSIONERS.— The board of land commissioners is not estopped from demanding the performance of the conditions precedent to the right of an applicant for a deed of public lands, by the entry of an order upon its minutes accepting the application, and a like order to sell the lands to him at a price fixed, and to convey the same by a quitclaim deed without prejudice to the rights of any person.

APPEAL from Marion: REUBEN P. BOISE, Judge.

This is a mandamus proceeding by Charles W. Shively to compel the board of commissioners for the sale of

---

*The rule of practice here declared is in full accord with the provisions of Hill's Code, (section 594, 595, 596, 600,) and the previous decisions of this court. The correct practice seems to be to file a petition stating all the facts necessary to justify the issuance of the writ, (Code, § 594; *Elliott* v. *Oliver*, 22 Or. at bottom of page 45,) whereupon the writ issues as a matter of course, (Hill's Code, § 594,) and must itself contain every material fact alleged in the petition upon which the plaintiff relies making or creating the duty upon the defendant to do the particular act which the plaintiff demands: Hill's Code, § 596; *McLeod* v. *Scott*, 21 Or. 94 and 111; *Elliott* v. *Oliver*, 22 Or. 44. This writ then becomes the complaint; it is to be served in lieu of the petition and a summons, (Hill's Code, § 595,) and the defendant may demur or answer as to an ordinary complaint: Hill's Code, §§ 598, 599, 600; *McLeod* v. *Scott*, 21 Or. 94 ; *Elliott* v. *Oliver*, 22 Or. 44. From the time of issuing the writ the petition ceases to be of any use, and is not to be used even to aid the allegations of the writ: *McLeod* v. *Scott*, 21 Or. 111; *Elliott* v. *Oliver*, 22 Or. 44.

It is also held in *Slemmons* v. *Thompson*, 23 Or. at page 219, that in passing on a demurrer to an amended writ of mandamus the court cannot consider matters that were pleaded in an answer to the original writ, since that writ and the answer to it both disappeared from consideration when the amended writ issued.— REPORTER.

27 OR.—5.

school and university lands to execute to plaintiff a quit-claim deed to tide lands in front of certain lots and blocks of the city of Astoria. The alternative writ issued upon filing the petition was attacked by demurrer, which, being sustained, the plaintiff filed an amended petition by leave of the court. The defendants thereupon interposed a demurrer to this petition, which was sustained by the court, and this action is assigned here as error.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Sidney Dell.*

For respondents there was an oral argument by *Mr. Cicero M. Idleman,* attorney-general, and *Messrs. Charles W. Fulton* and *John Henry Smith.*

Opinion by MR. JUSTICE WOLVERTON.

1. The alternative writ is deemed the complaint in mandamus proceedings, and by it their sufficiency must be tested, and not by the petition. We have here, then, for our determination the sufficiency of the alternative writ, challenged by the demurrer thereto.

2. For the purpose of a reëxamination of the questions considered by the court below, we will treat the alternative writ as though it contained all the allegations of the amended petition. These allegations are in substance as follows, omitting formal matters: That prior to the twentieth day of December, eighteen hundred and ninety, the petitioner, Charles W. Shively, made written application to the commissioners for the sale of school and university lands in the manner and form prescribed by law and the rules of the board for the purchase from the State of Oregon of certain tide lands upon the Columbia River, in Clatsop County, Oregon, consisting of two

tracts, one containing something over four acres, and the other nearly two acres; that prior thereto one John M. Shively had made written application in like manner to purchase from the state certain other tide lands on said river, in the same county, consisting of six small tracts ranging from a quarter of an acre to six and three quarters acres, and sold and conveyed all his rights therein to plaintiff; that all said tide lands were surveyed by the county surveyor of Clatsop County, and certified as being of the value of five dollars per acre; that on the sixth day of January, eighteen hundred and ninety-one, the board made an order accepting the applications of plaintiff and the said John M. Shively to purchase said tide lands, but raised the price thereof to twenty dollars per acre, and by a like order offered to sell the same to said applicants at said price, and to convey the same by a deed to contain the provision that said tide land was "quitclaimed without prejudice to the rights of any person," which orders were duly entered of record in the minutes of the board. It is further stated that the plaintiff accepted the offer, and paid the full amount of said purchase price to the board, and took its receipt therefor, of date January twelfth, eighteen hundred and ninety-one, wherein it agreed to prepare the deeds and forward the same as soon as possible; that on said sixth day of January, eighteen hundred and ninety-one, and prior thereto, the state was the owner of the legal title of said land, except as the same may have been conveyed by an act of the state legislature passed October eleventh, eighteen hundred and sixty-two; that thereafter, on the thirteenth day of January, eighteen hundred and ninety-one, without previous notice to the plaintiff, the board made an order and caused the same to be entered in its minutes suspending the issuance of said deeds until such time as he should show to the board that the lands so

purchased were actually tide lands, and that no previous
deed therefor had been issued by the State of Oregon.
That a demand had been made for the issuance of said
deeds, and by the board refused.

Counsel for defendants make the point that the alter-
native writ does not show that plaintiff has made written
application for the purchase of said lands, according to
law, nor does it appear therefrom that he is legally capaci-
tated as such applicant under the provisions of law regu-
lating the sale of tide lands.   Section 3600, Hill's Code,
provides, among other things, that all applications to pur-
chase any lands of this state shall be accompanied by the
affidavit of the applicant taken before some notary public
or county clerk, to the effect that he is eighteen years of
age; is a citizen of the United States, or has declared his
intention to become such; that he is a citizen of this
state; that he has not directly or indirectly made any
previous purchase of lands from the state, which, together
with the lands described in the application, exceed three
hundred and twenty acres; that the purchase is for the
actual use of the applicant, and not for the purpose of
speculation; and that no contract or agreement, express
or implied, has been made for the sale or other disposi-
tion of such lands in case such applicant is permitted to
purchase the same.   The alternative writ recites that
plaintiff made a written application ''in the manner pre-
scribed by law.''   This is but a conclusion of law, and not
a statement of facts from which the court can determine
its sufficiency.   The manner prescribed is that he shall
make application, accompanied by an affidavit showing
that he is eighteen years old, is a citizen of the United
States or has declared his intention to become such; that
he is a citizen of the state, etc., as pointed out by said
section 3600.   These are the facts without which the
board is prohibited from acting, and, if they existed,

should have been shown by appropriate allegations. And the court, even if the proceeding was otherwise proper and sufficient, will not compel the board to act upon any less showing. The alternative writ is clearly insufficient in this respect: *Hildebrand* v. *Stewart*, 41 Cal. 387; *Woods* v. *Sawtelle*, 46 Cal. 389. So far as the court is advised, he may be neither a citizen of the United States, or of this state, or may be a minor under the age of eighteen years, and hence totally incapacitated to take the lands described by purchase from the state. The plaintiff must show that he is a qualified claimant before he can become a purchaser from the state, that is, one of the persons entitled to the benefit of the laws under which he claims the right to purchase: *Page* v. *Hobbs*, 27 Cal. 483; *Quinn* v. *Kenyon*, 38 Cal. 499; *Schiefferly* v. *Tapie*, 68 Cal. 184 (8 Pac. 878); *Stewart* v. *Altstock*, 22 Or. 182 (29 Pac. 553).

3. Counsel for appellant, however, stoutly contends that a full compliance with the laws regulating the purchase of tide lands was conceded by the board, and that, having entered an order upon its minutes accepting the application of plaintiff, and by a like order offering to sell the lands to him at the price fixed, and to convey the same by a quitclaim deed "without prejudice to the rights of any person," it is estopped from demanding the performance of the conditions precedent; and, further, that by these acts it had exercised its discretion, and the execution of the deed being a duty in its nature merely ministerial, it ought now to be required by the court to execute the same. This contention is not tenable because the sale was incomplete until the deed was made and delivered; and hence, if the board saw fit to recede from its acts on account of the plaintiff not having complied with some of the statutory requirements, it is believed there exists no reason why it should not exercise such power, and withhold the deed until such requirements

were observed. The board suspended the execution of the deeds until the applicant should show that the lands were actually tide lands, and that no previous deed therefor had been issued by the state. Such an act was undoubtedly within its discretion, for if the lands were not tide lands, or the state had formerly executed deeds to the same lands, it was the duty of the board to withhold the deeds required by plaintiff. The inquiry is judicial in its nature, and one which the board had a perfect right to make. Nor did it waive the right to make such inquiry or a further investigation by the acceptance of plaintiff's offer, and the entry of an order in its minutes directing the execution of a deed. These acts of the board being discretionary, its directions and decisions will not be reviewed by the courts: *Corpe* v. *Brooks,* 8 Or. 222. These considerations sustain the conclusions of the court below and the judgment is therefore affirmed.

AFFIRMED.

Decided March 4, 1895.