Argued June 25, writ allowed July 6, 1926.

# STATE EX REL. CHARLES KENNETH BELL *v.* WALTER M. PIERCE ET AL.

### (247 Pac. 812.)

**Mandamus.**

1. Alternative writ of *mandamus* must be sufficient to show itself what is claimed and facts upon which claim is made.

**Mandamus—Alternative Writ of Mandamus to Compel Loan Under Oregon Bonus Law Held to Sufficiently State Facts (Laws 1925, p. 43; § 616 Or. L.).**

2. Alternative writ of *mandamus* to compel allowance of application for loan under Oregon Bonus Law, showing petitioner served honorably in active duty in army between certain dates and when he enlisted and was honorably discharged, *held* to sufficiently state facts under Section 616, Or. L.

**Army and Navy.**

3. Enlisted private in S. A. T. C. *held* to have been in "active army service," entitled to benefits of Constitution Or. Article XI-c (see Laws 1921 [Sp. Sess.], p. 5), and statute thereunder, Laws Or. 1925, p. 43, in view of Act. Cong. May 18, 1917, and amendatory Act Aug. 31, 1918 (U. S. Comp. Stats. 1918, U. S. Comp. Stats. Ann. Supp. 1919, § 2044a et seq.).

**Army and Navy.**

4. Provision of Oregon Bonus Law (Laws 1925, p. 43), excluding persons serving in Students' Army Training Corps as students from participation in benefits of act, *held* violative of expressed intent of Constitution, Article XI-c (see Laws 1921 [Sp. Sess.], p. 5), and therefore inoperative.

**Constitutional Law—Legislative Construction of Constitutional Provision is Persuasive upon Court Only Where Constitutional Provision is Obscure or Uncertain.**

5. Construction placed by legislature upon constitutional provision by enactments purporting to be under its authority is only persuasive on courts where language of Constitution is doubtful, obscure or uncertain.

**Constitutional Law.**

6. Rules of construction of constitutional provisions do not apply where language is plain and certain, but only where it is doubtful and obscure.

---

Bounties, 9 C. J., p. 311, n. 43 New.
Constitutional Law, 12 C. J., p. 704, n. 2, p. 714, n. 80.
Mandamus, 38 C. J., p. 872, n. 61.

1. See 18 R. C. L. 344.
5. See 6 R. C. L. 63.

Original proceeding in *mandamus.*

This is an original proceeding in this court instituted to require by *mandamus* the World War Veterans' State Aid Commission to allow petitioner's application for a loan. Charles Kenneth Bell, the petitioner, recites in his application for a loan that he entered the service as a private in the Company C., S. A. T. C., O. A. C., at Corvallis, Oregon, on the eighteenth day of October, 1918, and was honorably discharged on the seventeenth day of December, 1918, at the same place. His application for the loan was rejected because his "entire service was in the S. A. T. C."

Under the provisions of the Oregon Bonus Law (*vide* paragraph 1, Chapter 33, Laws of 1925), applicants whose only service was in the S. A. T. C. are not eligible to receive the benefits thereof.

The provision of the statute referred to in the notice to the petitioner that his application had been rejected reads as follows:

"Every person, male or female, who was enlisted, inducted, warranted or commissioned after June 3, 1915, * * and who has since been honorably discharged or separated from such service * * shall be entitled to receive a loan or cash bonus under the provisions of this act; * * ; provided, however, that no person shall be entitled to a loan or cash bonus hereunder * * whose only service was in the students' army training corps as a student. * * ."

This statute was enacted by authority of an amendment to the state Constitution designated Article XI-c, Laws of 1921, Special Session, 5. So far as is necessary to an understanding of this opinion the provisions of said Article XI-c are as follows:

"Any male or female who was enlisted, inducted, warranted or commissioned after June 3, 1915, and who has served honorably in active duty in the army, navy or marine service of the United States at any time between the sixth day of April, 1917, and the eleventh day of November, 1918, and who at the time of entering into such service was a resident of the state of Oregon and who has been honorably separated or discharged from said service * * shall be entitled to borrow from said funds not to exceed $4000, * * .''

The only issue joined in this case involves the validity of the clause in the act passed by the legislature to carry into effect said Article XI–c reading as follows, "whose only service was in the students' army training corps as a student." The petitioner asserts that clause to be unconstitutional. The defendants defend the validity of the clause.

WRIT ALLOWED.

For plaintiff there was a brief over the names of *Mr. Brazier C. Small,* and *Mr. Wallace P. Carson,* with an oral argument by *Mr. Allen G. Carson.*

For defendants there was a brief over the name of *Mr. I. H. Van Winkle,* Attorney General, with an oral argument by *Mr. J. B. Hosford,* Assistant Attorney General.

COSHOW, J.—The amendment to our state Constitution designated Article XI–c is broad and includes every person who served in the army, navy or marine service of the United States between the dates therein named. There are no discriminations, distinctions or restrictions as to the branch or department of service.

The S. A. T. C. was organized by authority of an act of the Congress entitled "An Act to Authorize the President to Increase Temporarily the Military Establishment of the United States," approved May 18, 1917, and the amendatory act approved August 31, 1918 (40 Stats. at Large, Chap. 166). Section 3 of the last-named act provides:

"That all male persons between the ages of eighteen and forty-five, both inclusive, shall be subject to registration in accordance with regulations to be prescribed by the President * * ."

Section 4 prescribes that all persons so registered shall be liable to service in the army, navy or marine corps, and shall be allotted to the army, navy and marine corps under regulations to be prescribed by the President.

Section 7 prescribes:

"That the Secretary of War is authorized to assign to educational institutions, for special training, soldiers who enter the military service under the provisions of this Act in such numbers and under such regulations as he may prescribe; and is authorized to contract with such educational institutions for the subsistence, quarters, and military and academic instruction of such soldiers."

The regulations prescribed under said act among others are as follows:

"Under the authority conferred by sections 1, 2, 8 and 9 of the act of Congress 'authorizing the President to increase temporarily the Military Establishment of the United States,' approved May 18, 1917, the President directs that for the period of the existing emergency there shall be raised and maintained by voluntary induction and draft a 'Students' Army Training Corps.' Units of this corps will be authorized by the Secretary of War at educational

institutions that meet the requirements laid down in special regulations.''

''The object of establishing units of the Students Army Training Corps is to utilize effectively the plant, equipment, and organization of the colleges for selecting and training officers, candidates and technical experts for service in the existing emergency.''

''Eligibility to the Students' Army Training Corps is limited to registrants under the selective-service regulations who are physically fit to perform full or limited military duty and who have had at least grammar-school education or its equivalent.''

''Upon admission to the Students' Army Training Corps a registrant becomes a soldier in the army of the United States. As such he is subject to military law and to military discipline at all times.''

''Members of the Students' Army Training Corps will be placed upon active-duty status immediately upon their induction.''

''The method of voluntary induction into the Students' Army Training Corps is prescribed in the Selective Service Regulations and instructions issuing from the office of the Provost Marshal General.''

''The Students' Army Training Corps is a corps of the United States Army.''

Students' Army Training Corps Regulations, 1918, pars. 1, 2, 4, 10, 11, 13, 22 and 23.

No argument is required to convince one that petitioner is embraced within the language of said Article XI-c. He was ''inducted'' and ''served honorably in active duty in the army, * * of the United States between the sixth day of April, 1917, and the eleventh day of November, 1918.'' He was a ''resident of the State of Oregon'' and has been ''honorably discharged from said service.'' His status in the army was quite similar to the enlisted soldier under training in the regularly established army

camps. Modern warfare is not waged entirely with ordinary implements of warfare. Chemicals, gases, electricity and all other devices which the ingenuity of man has enabled him to utilize are now employed as means of defense and destruction. All the arts and sciences were employed in the late World War to contribute to defend and to destroy effectively. The fact that petitioner was being prepared at a college instead of in an ordinary military camp did not make him less a soldier, or his service less active.

"Article XI-c, however, in itself, and by its own terms, enumerated all of the qualifications which an applicant must possess to entitle him to the right to elect whether to receive a bonus or a loan, possessing which, he was entitled to exercise such right."

"We think the rule sustained by all the authorities is, that where a constitutional provision creates a right and prescribes the qualifications which must be possessed to entitle one to enjoy such right, the legislature can neither add to nor subtract from the qualifications thus prescribed in determining who are entitled to the enjoyment of such right." *Moore* v. *Olcott et al.,* 105 Or. 269, 271, 275 (209 Pac. 298).

The status of a soldier in the army of the United States is fixed by the laws enacted by the Congress and the regulations thereunder. The Students' Army Training Corps was created by the act of May 18, 1917, and acts amendatory thereto, and the status of the men inducted into said corps fixed by the constituted authority. Article XI-c was adopted in the light of said acts and regulations.

1, 2. The sufficiency of the alternative writ is challenged by the defendants. They assert that the writ does not show that the petitioner was inducted in a Students' Army Training Corps at a college qualified, under the law and regulations of the United States,

to perform the required service. It is the law of this state that the writ must be sufficient in itself to show what is claimed, and the facts upon which the claim is made: *Shively* v. *Pennoyer,* 27 Or. 33 (39 Pac. 396).

The alternative writ alleges among other facts that the petitioner "served honorably in active duty in the United States Army between the sixth day of April, 1917, and the eleventh day of November, 1918; * * was duly enlisted in said service after the third day of June, 1915, to-wit: On the eighteenth day of October, 1918; that the relator was honorably discharged and separated from said army and service on, to-wit: the seventeenth day of December, 1918." These are sufficient statements of fact to meet the requirements of the statute: Or. L., § 616.

3, 4. The learned Attorney General states in his brief for the defendants:

"As we view it the real question involved is: Did the framers of Article XI–c and those who voted in favor of its adoption intend that students in the Students' Army Training Corps should be eligible to receive money from the World War Veterans' State Aid Fund, upon the same terms as those persons who had served honorably in active duty in the army of the United States?"

We opine that the writ and return fairly present that question. In our opinion a more accurate statement of the issue is: Were men regularly enlisted in the Students' Army Training Corps in active army service? Our opinion is they were.

Article XI–c contains this provision:

"Any act which has been passed by the legislative assembly and which purports to execute and carry into effect the provisions of this section shall be deemed to have been passed pursuant to and in ac-

cordance herewith, and is hereby ratified, adopted and confirmed, the same as if enacted after the adoption of this section.''

5, 6. The learned Attorney General argues that because this amendment was proposed by the same legislative assembly which enacted the statute, was considered by the same committee at the same time, and was debated in the Senate at the same time, the clause excluding students in the Students' Army Training Corps from its benefits should be given the effect it would have if written in said Article XI-c itself. He invokes the universally applied canon of construction that ''contemporaneous * * construction placed upon a provision of the Constitution by the legislative assembly is entitled to great weight and will be adopted by the court and treated as valid, unless the act evidencing such interpretation conflicts with the organic law: *Harris* v. *Burr,* 32 Or. 362 (52 Pac. 17, 39 L. R. A. 768); *Wallace* v. *Board of Equalization,* 47 Or. 590 (86 Pac. 365); *Shattuck* v. *Kincaid,* 31 Or. 392 (49 Pac. 758).''

The rule can be invoked only where the language of the Constitution is doubtful, obscure or uncertain. If the language is plain and certain there is no reason for applying rules of construction. The wording of the amendment under consideration requires no construction. In an opinion by Mr. Justice RAND, Article XI-c was held by this court not to admit of construction.

''The language of the amendment is clear and free from ambiguity. By giving to the words used their usual and ordinary meaning, the intent of the amendment is plain, and nothing is left for construction.'' *Moore* v. *Olcott et al.,* 105 Or. 269 (209 Pac. 498).

That language is just as pertinent to the instant case as to the case in which it was used. The language of Article XI–c is: "Any male or female who was enlisted * * in active duty in the army, etc." If the legislature can exclude from the operation of that article soldiers in S. A. T. C., it could exclude others. It could exclude cavalrymen, artillerymen, or any other soldier.

We do not believe the paragraph in Article XI–c ratifying Chapter 201, Laws of 1921, was intended as a construction of that act. The intention of the legislature in incorporating the ratifying paragraph in the resolution proposing Article XI–c was to place said Chapter 201 in the same status as it would have been if enacted after the adoption by the people of said Article XI–c. The language of the concluding clause of that paragraph is to that purport. That language is:

" * * and is hereby ratified, adopted and confirmed the *same as if enacted after the adoption of this section.*"

We hold that the words, "No person shall be entitled to a loan or bonus hereunder whose only service was in the Students' Army Training Corps as a student," are in direct conflict with that part of the organic law of this state designated Article XI–c, and are inoperative unless restricted to Students' Army Training Corps not constituting a part of the United States Army. The petitioner was a soldier in the United States Army and is entitled to the benefits of Article XI–c and the legislation enacted by virtue thereof. Let a peremptory writ issue.

WRIT ALLOWED.

McBRIDE, C. J., and BURNETT and RAND, JJ., concur.