Argued December 3; affirmed December 24, 1929

W. C. CRAWLEY, Receiver, *v.* CLARA C. MUNSON, District Clerk

(283 Pac. 29)

For appellant there was a brief and oral argument by *Mr. James L. Hope.*

For respondent there was a brief over the name of *Messrs. Norblad & Hesse* with an oral argument by *Mr. Frank C. Hesse.*

HAMILTON. Act. J. ■ The issue presented is by a demurrer to the writ.

"When the right to require the performance of the act is clear, and it is apparent that no valid excuses can be given for not performing it, a peremptory mandamus shall be allowed in the first instance; in all other cases, the alternative writ shall be first issued": § 617, O. L."

■ It is argued that the writ does not state facts sufficient to constitute a cause of action, and the court below so held. The writ itself ought to contain every material fact alleged in the petition relied upon by the plaintiff to compel the defendant to act or do the particular things which the plaintiff demands. It is the writ which is the foundation of all subsequent proceedings and which may be demurred to or answered in like manner as the complaint in an action. Its purpose is the same as that of the complaint in other actions, and therefore it must state all the material facts and show a clear right to the relief demanded. To the writ itself then we must look to determine whether the facts are sufficient to support the action: *Elliott v. Oliver,* 22 Or. 46.

In *Paine v. Wells*, 89 Or. 699 (175 P. 430), the court, speaking through BEAN, J., says:

"It is contended by the counsel for defendants that essential allegations are omitted from the writ and without them the writ does not make that clear case required by the law. The necessary averments in an alternative writ of mandamus are stated in 13 Ency. of Pleading and Practice, pp. 677-681, substantially as follows:

"That the pleading must show, at least *prima facie,* a clear right existing in the relator to have the thing done which he seeks to enforce. It must allege the performance of conditions precedent; * * * it must negative any facts which under the statute relied upon might defeat his right to maintain the action. We quote from page 680 of that volume: 'The relator must show that it is the respondent's duty, and that he has the power, to perform the act sought to be enforced. The relator must allege the facts from which the legal liability results, and a pleading is bad in substance if the duty does not in all cases result from the facts stated in it.' "

The plaintiff alleges the ownership of the various school warrants issued against School District No. 30 of Clatsop county, Oregon, which aggregate the sum of $19,524.23. These warrants had, before the commencement of this action, been presented for payment and indorsed "Not paid for want of funds."

§ 5253, O. L., reads as follows:

"When any warrants issued by any school district of this state have been or hereafter may be indorsed 'Not paid for want of funds,' and funds shall thereafter become available for the payment of the same, such funds shall be applied in payment of such warrants in the order in which they were so indorsed."

School clerks are custodians of and must keep a correct account of all monies coming into their hands belonging to the district: § 5126, O. L.

§ 5168, O. L., reads:

"At least 85 per cent of the amount received from the county school tax and the irreducible school fund shall be applied on the teachers' salaries, and no part of said 85 per cent shall be applied for fuel, expense of lawsuits, chalk, brooms, blackboards," etc.

In view of the duties of defendant as by law prescribed; of the various funds which come into her possession as such officer, and of the classes of persons to whom these monies are payable, does it clearly appear from the writ issued in the instant cause that plaintiff is entitled to an order upon said defendant, "that you use and apply all the available funds and monies in your hands, in your possession, or under your custody and control as clerk of said School District No. 30, to the payment of outstanding warrants of said school district in the order of their indorsement, and that you forthwith cease to make payment of any warrants so issued by the said School District No. 30 from funds available which shall bear indorsement or do*es* bear indorsement 'Not paid for want of funds' subsequent to and after the respective dates of indorsement on all said above referred to and listed warrants now owned and held by plaintiff herein"?

■ When it is considered that 85 per cent of the county school tax funds and a like amount of the irreducible school fund are set aside for the payment of teachers, and it does not appear as to the nature of plaintiff's claims, it becomes evident that there are not facts stated in the alternative writ issued upon which said order may be based. It may be—and it would not

be inconsistent with the facts set forth herein—that defendant should pay, in performance of her duty, warrants issued by said school district, indorsed "Not paid for want of funds," subsequently in point of time to those held by plaintiff. This arises from the different classes of creditors of the said school district to whom these respective funds are payable.

■ It is also stated in said alternative writ that "other warrants of said school district may be outstanding and unpaid would bear an indorsement 'Not paid for want of funds' prior, in date, as those of plaintiff's herein set forth." The fact that there are, or may be, other outstanding warrants indorsed 'Not paid for want of funds' prior in point of time to those held by plaintiff is fatal to the issuance of said writ, for, by the provisions of said § 5253, O. L., any funds thereafter available for payment of the same shall be applied in the order in which they were so indorsed.

■ It is argued that the facts relative to the funds in the possession of said public officer are particularly within defendant's knowledge and therefore a statement in regard thereto should first come from her. This is in the way of avoiding a statement from the plaintiff in the writ of the facts showing the availability of the funds coming into defendant's hands as such officer. In all causes the superior knowledge of the individual's own affairs may be averred. However, the defendant is in the performance of a public duty, and the public records are accessible to the public. Besides, we have no assurance that a given defendant will file answer. Plaintiff is seeking an extraordinary remedy, and the writ in such cases must contain a statement of all the facts which shall show the right of the plaintiff to the order demanded, and, further, that said

right shall be shown with certainty: *Mackin v. Portland Gas Co.*, 38 Or. 120 (61 P. 134); *State ex rel. v. Malheur County Court*, 46 Or. 519 (81 P. 368); *Dryden v. Daly*, 89 Or. 218 (173 P. 667); *Paine v. Wells*, supra. In *State ex rel. v. Malheur County Court*, supra, the court says:

"To authorize an issuance of a writ of mandamus, it is necessary that the petitioner first show a legal right in himself to have the act done which is sought by the writ; and, second, that it is the plain legal duty of the defendant to perform the act, without discretion to do or refuse it."

■ It is claimed that plaintiff's allegation in the writ as follows:

"That monies and funds belonging to School District No. 30 of Clatsop county, Oregon, have become available and into the hands and into the possession of said defendant since the respective dates of the indorsement on said warrants: 'Not paid for want of funds',"

is an insufficient allegation of the availability of the funds in defendant's possession as clerk of said school district with which to pay plaintiff's claims. In *State ex rel. v. Malheur County Court*, 46 Or. 519, 522 (81 P. 368), this court speaking through Mr. Chief Justice Wolverton, says:

"Where the matter is collateral to the essential fact, it is sufficient to allege generally that an election was duly held, or that an officer was duly elected and qualified, assuming to act in the particular capacity involved, as it has been alleged herein that the defendants are the duly elected judge and commissioners; but, where the fact itself must appear, it is not sufficient to say that it had been duly performed, without stating how."

*Shively v. Pennoyer*, 27 Or. 33 (39 P. 396); *State v. Williams*, 45 Or. 314 (77 P. 965); *Equi v. Olcott*, 66

Or. 213 (133 P. 775); and *Canuto v. Weinberger*, 79 Or. 342 (155 P. 190), are each cases reiterating the doctrine announced.

It would appear that the statement of plaintiff in his writ is not a compliance with the rule of pleading. There was not error committed by the court in sustaining said demurrer to the plaintiff's writ. The judgment is affirmed, with permission to appellant to apply to the lower court to amend the writ herein if he may so desire.

AFFIRMED.

COSHOW, C. J., and BEAN and BELT, JJ., concur.