Argued December 12, 1929; affirmed February 4, 1930

## MACLEAY ESTATE CO. v. CHURCHILL

(284 Pac. 286)

*J. C. Johnson* of Gold Beach for appellant.

No appearance for respondent.

RAND, J.  On February 3, 1928, plaintiff filed a complaint in the circuit court for Curry county, seeking to recover from defendant upon a promissory note. On the same day plaintiff also filed in said court and cause an affidavit and undertaking for attachment and a writ of attachment, directed to the sheriff of Marion county, was issued.  The indorsement on the writ shows that it was received by the sheriff of Marion county

on February 4, 1928, and the return thereon shows that the writ, together with a notice of garnishment, was duly served by the sheriff on the Oregon state highway commission on February 6, on which day the commission answered, certifying that there was then due and owing by said commission to defendant the sum of $300. Notwithstanding the filing of said complaint, affidavit and undertaking, and the issuance of the writ on February 3, 1928, the summons in the action was not issued and delivered to the sheriff of Curry county for service until February 6, 1928, the day on which the writ of attachment was served on the commission. Subsequently in the action, defendant moved the circuit court to quash the writ so issued as aforesaid and to release the moneys so garnished upon the ground that the writ was null and void because issued before the summons in the action had been issued or delivered to the sheriff. From an order sustaining the motion, plaintiff has appealed.

■ The remedy by attachment was unknown at common law and, hence, is purely statutory and, therefore, a strict compliance with the requirements of the statute is essential to the validity of an attachment. If the writ is invalid, there can be no levy and no attachment. *White v. Johnson,* 27 Or. 282 (40 P. 511, 50 Am. St. Rep. 726); *McMaster v. Ruby,* 80 Or. 476 (157 P. 782). Our statute provides that:

"The plaintiff, at the time of issuing the summons, or any time afterwards, may have the property of the defendant attached, as security for the satisfaction of any judgment that may be recovered * * *": § 295, Or. L.

In construing that section of the statute in *White v. Johnson,* supra, the court said:

"* * * statutes similar to the above have been so construed as to require the issuance of a summons in the action at the time of or prior to the issuance of the writ of attachment; otherwise the attachment is without validity or force (citing authorities)."

Section 15, Or. L., provides that:

"An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this title, when the complaint is filed, and the summons delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county, in which the defendants or one of them usually or last resided, etc."

In construing this latter statute, in its application to a writ of attachment which had been issued before the issuance of the summons in the action, the court said in *White v. Johnson,* supra:

"A summons may be said to have issued in an action commenced in the circuit or county courts of this state when it is made out and signed by the plaintiff or his attorney, and placed in the hands of the sheriff, with the intention that it be served upon the defendant. It is difficult to see how anything less than this would constitute an issuance of a summons. The statute requires that the summons shall be served by the sheriff, and without a delivery to him for service, such instrument is not yet endowed with vitality for any purpose."

■ Plaintiff questions the authority of *White v. Johnson,* claiming that what was there said was not necessary to the decision, and also because of certain language used by Mr. Justice BURNETT in *McMaster v. Ruby,* supra. An examination of the first case will show, we think, that what was said by the court in re-

spect to the matters referred to was necessary to decide one of the points involved in the case, but whether necessary or not, the construction placed upon the statutes referred to was a reasonable and proper construction of the language of the statutes and the only construction which could properly be placed upon the language used in the statutes. The criticism found in *McMaster v. Ruby* does not seem to us to be well founded for the issuance of a writ of attachment is just as essential to give validity to the attachment as the levy made under it. The statute referred to by Mr. Justice BURNETT does not specifically refer either to a writ of attachment or to the levy but generally provides that the plaintiff may have defendant's property attached either at the time of issuing the summons or at any time thereafter, and this no officer can do unless armed with a writ of attachment. To authorize the attachment of property in an action, a writ of attachment must first issue and its issuance and delivery to the sheriff is the sole source of the officer's authority to act. But, however that may be, the rule in *White v. Johnson* was applied and followed as decisive of the case in *McMaster v. Ruby* and has become the settled law of this state.

For these reasons, the order of the circuit court quashing the writ and holding the attachment invalid must be affirmed, and it is so ordered.

AFFIRMED.

COSHOW, C. J., BEAN and ROSSMAN, JJ., concur.