Argued June 22; affirmed July 31, 1934

ROSS *v.* COUNTY COURT OF MARION COUNTY

(35 P. (2d) 484)

*C. L. Marsters,* of Newport, for appellant.
*William H. Trindle,* of Salem, for respondent.

BEAN, J. This is a mandamus proceeding to compel the county court to make an order allowing petitioner the sum of $20 a month from the moneys of said county for the support of herself and child, under the provisions of section 27-1301, et seq., Oregon Code 1930.

The alternative writ of mandamus shows, in substance, that petitioner, a woman, has one child under the age of sixteen years; that her husband died January 12, 1929; that petitioner and her child are dependent wholly upon petitioner's labor for their support; that the child has no property of its own; that petitioner and her husband, the father of the child, were, prior to his death, residents of the county of Marion for more than one year, and residents of the state of Oregon for more than three years immediately prior to April 26, 1929; that said petitioner, ever since the death of her husband and at the present time, still is a resident of the state of Oregon, county of Marion; that on or about April 10, 1929, said petitioner went before the Honorable J. C. Siegmund, county judge of Marion county, and to him related the facts as herein set out; that said J. C. Siegmund then and there undertook to make out, for petitioner, her application for assistance, as provided for in sections 27-1301 to 27-1321, Oregon Code 1930; that said petitioner believed and relied upon said J. C. Siegmund to set out the facts in her application as she had related them to him and as they actually were, and believed that the application had been fully made out, and, in reliance

thereon, swore before the said J. C. Siegmund that the facts therein set forth were true; "that the facts set forth in the said application were true but that they have not been fully set forth in the said application as they actually existed or as were related to the said J. C. Siegmund"; that about August 19, 1927, petitioner's husband was committed to the Oregon State Tuberculosis Sanatorium, and on or about February 4, 1928, petitioner's husband, on the advice and request of the doctors in attendance upon said husband, was removed to Monrovia, California, for his health; that petitioner went with her husband to California and there remained until his death, January 12, 1929; that neither said petitioner nor her husband established a residence in California, nor was it ever their intention to do so; that on February 16, 1929, said petitioner returned to Salem, county of Marion, state of Oregon, her home, and established residence, and three months thereafter made her application; that in the application for said assistance, one question and answer reads as follows:

"How long have you lived in Marion county continuously prior to making this application? Give dates: From Feb. 16, 1929 to Apr. 10, 1929;"

that when the said question was asked petitioner, she related that since her return from California up to the time when she was making application for said assistance it was only three months, which is represented by said dates, but in truth petitioner resided in Salem, Marion county, Oregon, more than twelve years continuously prior to the making of application for assistance; that the same was related to J. C. Siegmund; that on April 26 said application was filed with the clerk of the county by said J. C. Siegmund;

that the words "Dependent Mothers Assistance", as printed in the application blanks, were crossed out and in their stead was written the words "a poor allowance", all of which was unknown to petitioner; that the county court declined and refused to make an order allowing said petition for the assistance provided for in said act for the support of herself and child, or any assistance, and has since neglected and refused to direct that the money for which application has been made shall be paid to or for said petitioner.

An alternative writ was issued requiring the county court to make the order requested or show cause before the circuit court why same was not done. The return of the defendant, by J. C. Siegmund, county judge of Marion county, Oregon, was filed, showing, in substance, that petitioner filed application for "poor allowance", copy of which is attached to the return, which is the only application filed with the county court; that the application was not allowed for the reason that it appeared affirmatively from the face of such application that the petitioner had not resided three years in the state of Oregon and one year in the county of Marion, immediately preceding the date of filing said application, and for the further reason that said application fails to show that petitioner is entitled to such relief under the provisions of chaper XIII, of title 27, Oregon Code, 1930. As a second and further reason, defendant alleges that it appears from the face of the writ herein that there is a defect of parties in that the defendant herein is improperly sued, as "The County Court of Marion County, Oregon", and that the county court of Marion county has no legal entity by reason of which it

can be sued, as such, and no legal capacity in which it can be sued, and this proceeding, if proper at all, should have been instituted against Marion county, Oregon, or against John C. Siegmund, judge, and J. E. Smith and Roy Melson, commissioners of Marion county. Then follows a copy of the application, in which it is shown that the petitioner lived at her present address three months, was born in Oregon, and to the question, "How long have you lived in Marion county continuously prior to making this application? Give dates:" the following answer is given: "From Feb. 16, 1929, to Apr. 10, 1929"; that she had resided in the United States nineteen years, and gives other data not necessary to describe.

The petitioner demurred to the second further and separate answer to the alternative writ of mandamus on the ground that the same did not state facts sufficient to constitute a defense. The court overruled the demurrer; thereafter, petitioner refusing to plead further, the circuit court made an order on December 21, 1933, quashing the writ and dismissing the complaint, from which order petitioner appealed.

Passing the informal questions and considering plaintiff's application to be one for dependent mothers' assistance, the petitioner seeks to obtain an order for the payment of $20 per month as such assistance, dating from the time of filing the application, April 10, 1929. Section 27-1301, Oregon Code 1930, provides in part:

"The total amount given to any one family shall be discretionary with the court but shall not in any case exceed seventy-five dollars ($75) per month; provided, such mother had a previous residence (of) three years in the state of Oregon and one year in the county immediately preceding the date of filing the application for assistance."

.

We also note that it is provided in section 27-1319: "Under no circumstances shall any assistance be given under the provisions of this act prior to the order giving such assistance." No order for assistance applied for has been made by the county court of Marion county, or other authority.

■■ The petitioner claims that there was a mistake in the preparation of her application for assistance. It seems that the county judge, in his kindness to the petitioner, prepared the application and evidently prepared the answers as given by the petitioner, and quite likely she made a mistake in regard to her residence in the county and state. In so doing the county judge acted for petitioner and not for the county court. Such being the circumstances, the proper procedure for the petitioner to follow would have been to appear before the court and file a new application or make application to correct the petition filed. She is not entitled to the peremptory writ of mandamus to compel the county court to issue the order requested. There are several matters connected therewith that are in the discretion of that tribunal.

■ The provision of the statute expressly provides that the petitioner, being entitled to assistance under the provisions of section 27-1301, must show that she had previous residence of three years in the state of Oregon, and one year of continuous residence in the county in which her application is made. This is absolutely essential before the order requested could be issued.

■ Mandamus can only be used to enforce a known, clear legal right. It cannot, therefore, be used to reform an instrument to enforce a right claimed under the instrument when so reformed. Instead of peti-

tioner seeking to enforce a clear legal right, she seeks to enforce the granting of an application which is clearly wrong, particularly as to stating her residence.

■ Section 8-302, Oregon Code 1930, provides that a writ of mandamus

"may be issued to any inferior court, corporation, board, officer, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station; but though the writ may require such court, corporation, board, officer, or person to exercise its or his judgment, or proceed to the discharge of any of its or his functions, it shall not control judicial discretion."

In order to authorize the issuance of a writ of mandamus, it is absolutely necessary that the relator should have performed all of the acts which are made a condition precedent to his or her right to the relief sought and to show the existence of all facts necessary to put respondent in default: 38 C. J. 575, § 49; *State v. Plummer,* 97 Or. 519 (189 P. 405, 191 P. 883).

■ Apparently, petitioner attempts to enforce the provisions of the statute from the time of making the application and to obtain an order for the assistance, dating from that date. For this reason, the petitioner did not endeavor to make a proper application in the county court to correct her former application. She is precluded, by section 27-1319, from obtaining assistance prior to an order granting such assistance.

We do not deem it essential to further consider the informalities of plaintiff's application.

The judgment of the circuit court is affirmed, and the peremptory writ of mandamus is denied.

RAND, C. J., and CAMPBELL and BAILEY, JJ., concur.