Argued March 3, affirmed June 30, 1954

# UNITED STATES OF AMERICA *v.* COHN

272 P. 2d 982

*Hubert H. Margolies,* of Washington, D. C., argued the cause for appellant. With him on the brief were Holmes Baldridge, Henry L. Hess, United States At-

torney, of Portland, and Paul A. Sweeney and Robert Mandel, Attorneys for the Department of Justice.

*Dan M. Dibble,* Deputy District Attorney for Multnomah County, argued the cause for respondent. With him on the brief was John B. McCourt, District Attorney for Multnomah County.

Before WARNER, Acting Chief Justice, and LUSK, BRAND, and PERRY, Justices.

BRAND, J.

The United States of America as plaintiff filed in the circuit court of Multnomah County, Oregon, a petition for a writ of mandamus to compel the county clerk of that county to issue a writ of attachment in the case of *The United States of America v. Griffith Annesley and Elizabeth Annesley,* husband and wife, which had been previously filed in the circuit court of Multnomah County. An alternative writ of mandamus was issued directing the clerk to issue the writ of attachment or show good cause for his failure so to do. The defendant filed a demurrer to the alternative writ contending that he was without power or authority to issue a writ of attachment unless an undertaking was first filed as required by Oregon law. The position of the United States was that it was not subject to that law. The circuit court sustained the demurrer and "denied" the writ of mandamus. The United States appeals.

Plaintiff has set forth in its abstract of record the petition for a writ of mandamus together with the exhibits which were attached thereto and incorporated therein and which were as follows: Exhibit A, the complaint in the action at law wherein the United

States was plaintiff and Griffith Annesley and Elizabeth Annesley were defendants; Exhibit B, the affidavit for attachment filed in that case; and Exhibit C, the form of a writ of attachment which was tendered to the county clerk for execution but not executed. The writ of mandamus, however, contains no copy of any of said exhibits nor does it set forth the allegations contained in them. The alternative writ of mandamus is addressed to the defendant Si Cohn, county clerk. It recites that "it manifestly appears to the above-entitled Court by the verified petition of plaintiff * * *''. Then follows an enumeration of the matters which manifestly appear from the petition as follows: (1) The official capacity of the defendant; (2) the capacity of the plaintiff; (3) that the United States was plaintiff in an action filed in the circuit court against the defendants Annesley; (4) that with the filing of the complaint plaintiff filed its affidavit of attachment and requested and demanded that the defendant issue a tendered writ of attachment; (5) that the defendant refused to issue the writ upon the ground that as a condition precedent to its issuance it was necessary for the plaintiff to file a good and sufficient undertaking as provided in section 7-203 OCLA. The writ continues that it was then and there the defendant's duty to issue the writ upon such demand but that the defendant violated his duty and refused to issue the writ. The alternative writ further recites that the issuance of the writ is indispensable to the enforcement of the petitioner's rights and that there is no plain, speedy or adequate remedy at law, and it then commands the defendant to issue the writ or show cause why he has not done so. The remaining portion of the writ is immaterial to our consideration of this question.

 In the very recent case of *State ex rel. Bethke v. Bain,* 193 Or 688, 694, 240 P2d 958, this court said:

"It is well established in this state that a petition for mandamus is no part of the pleadings. It is the writ that serves the same purpose as the complaint in other actions, and in the writ itself must be stated all the material facts; it must show on its face a clear right to the relief demanded. If any exhibit, such as a copy of the complaint in the original action, is material, it must be attached to and made a part of the writ or, in lieu thereof, pleaded therein. Otherwise, it is not before the court. Crawley v. Munson, 131 Or 428, 283 P 29; State ex rel. Bell v. Pierce et al., 118 Or 533, 247 P 812; Elliott v. Oliver, 22 Or 44, 29 P 1.

"The defective writ in this proceeding could have been reached by demurrer. * * *"

We cannot deviate from a rule of pleading which was announced as early as 1891 (see *McLeod v. Scott,* 21 Or 94) which has been repeatedly stated in later decisions and expressly defined and applied in the case of *State ex rel. Bethke v. Bain,* supra. Irrespective of the rule of pleading which limits us to a consideration of the allegations contained in the alternative writ, it is firmly established in this state that no petitioner is entitled to the remedy of mandamus unless he has a clear legal right to the performance of the particular duty sought to be enforced and unless there is a plain legal duty on the part of the defendant to perform the act. *State ex rel. v. Dobson,* 171 Or 492, 135 P2d 794, 137 P2d 825; *Ross v. County Court of Marion,* 147 Or 695, 35 P2d 484; *Morris Co. v. Port of Astoria,* 141 Or 251, 15 P2d 385; *State v. Ringold,* 102 Or 401, 202 P 734; *State v. Multnomah County,* 82 Or 428, 161 P 959; *State ex rel. v. Malheur County Court,* 46 Or 519, 81 P 368.

In *State ex rel. v. Olson,* 175 Or 98, 151 P2d 723, an original proceeding in mandamus was brought by the state upon the relation of Chester Bowles to compel the respondent district judge to take jurisdiction of an action for triple damages under the Emergency Price Control Act. As in the case at bar there was a demurrer to the alternative writ. In that case we said:

"* * * The writ must show at least prima facie a clear right existing in the relator to have the thing done which he seeks to enforce. Such writs are not favorites of the law and should state every fact necessary to entitle the relator to the relief demanded. The writ must therefore show that the relator has performed all of the acts which are made a condition precedent to his right to relief and the existence of all facts necessary to put the respondent in default. It must show the special interest of the relator and must negative any facts which under the statute relied upon might defeat his right to maintain the action. * * *" 175 Or at 106.

We have adequately summarized the allegations of the alternative writ. We will now enumerate certain matters that are not set forth therein, bearing in mind the authorities cited supra. There is no authority to issue an attachment in an action at law except in actions upon contract express or implied, actions against a nonresident of the state to recover money as damages for breach of any contract express or implied, or actions against a nonresident of the state for money damages for injury to property in the state. ORS 29.110.

The writ does not allege any contract between the plaintiff and the defendants Annesley or either of them. It does not allege that either of said de-

fendants was indebted to the plaintiff in the action which was brought against them. It does not allege that either of said defendants has personal property in Oregon. It does not allege that the defendants or either of them are nonresidents. From the brief of the United States we gather that the defendant Griffith Annesley owed money to the government as a result of advances made to him in connection with the performance of two government contracts which were canceled by the government and that Griffith Annesley was a nonresident of the United States who had moved to Vancouver, B. C. It is also intimated in the brief that the purpose of the United States was to attach assets allegedly belonging to Griffith Annesley, either possessed by or standing in the name of his wife and located in the state of Oregon, and then to proceed, after substituted service, to secure the application of said Oregon assets to the payment of its claim. But we are now concerned only with the showing necessary to authorize issuance of a writ of attachment.

While we are not at liberty to examine the original petition for mandamus, together with its exhibits, for the purpose of supporting the right of the plaintiff to the issuance of the writ, nevertheless, in order to show that our decision is not based exclusively upon a technical rule of pleading, we will mention the fact that neither the original petition nor the exhibits attached thereto set forth any cause of action against Elizabeth Annesley for approximately $71,000, as demanded in the complaint (Exhibit A). The original petition and exhibits show that the defendant Griffith Annesley had transferred personal property in Oregon to his wife, but it does not show that such transfer was in fraud of creditors. Neither the original peti-

tion with its exhibits, nor the alternative writ of mandamus contains any allegation that any summons was issued or delivered to the sheriff for service at or prior to the filing of the affidavit for attachment, the tendering of the proposed writ of attachment, or the refusal of the clerk to issue the proposed writ.

"(1) The plaintiff, at the time of issuing the summons or any time afterwards, may have the property of the defendant attached, as security for the satisfaction of any judgment that may be recovered * * *." ORS 29.110.

■ The following cases hold that a writ of attachment issued before the summons is issued is void: *Willamette Collection & Credit Service v. Henry,* 138 Or 460, 7 P2d 261; *McMaster v. Ruby,* 80 Or 476, 157 P 782; *White v. Johnson,* 27 Or 282, 40 P 511. The issuance of summons and delivery to the sheriff is a prerequisite to the issuance of a writ of attachment. *Macleay Estate Co. v. Churchill,* 132 Or 63, 284 P 286.

■■ Under our statute and decisions it is mandatory that a summons be issued and placed in the hands of the sheriff for service at or prior to the issuance of an attachment, and this is true whether the attachment be ancillary to a proceeding in personam with personal service within the state or is to form the basis for proceedings in rem with publication of summons and a showing of due diligence in ascertaining that the defendants could not be found in Oregon. ORS 15.120. Whether or not the United States is exempt from the statutory requirement of an undertaking on attachment it will certainly not be argued that it is exempt from the requirements of ORS 29.110, supra.

■ Since the petition for the writ of mandamus became functus officio upon the issuance of the alternative

writ and since that writ fails to set forth every fact necessary to entitle the relator to the relief demanded, it follows that the plaintiff is not entitled to an order directing the defendant to issue a writ of attachment. This is not a case such as *Bank of Colfax v. Richardson,* 34 Or 518, 54 P 359. In that case there was a collateral attack on a judgment in rem and it was held that the judgment was valid notwithstanding the failure of the record to show affirmatively that a summons had been issued before the issuance of the writ of attachment. In the pending case the situation is analogous to that in *Metropolitan Investment & Improvement Co. v. Schouweiler,* 83 Or 695, 163 P 599, 164 P 370. In that case the plaintiff sued to enjoin the sale of real property which had been attached, claiming that the attachment was void. It was held that the defendant had the burden of proving that his attachment was duly levied and that all of the statutory requirements appertaining thereto were complied with. Upon rehearing the court said:

> "The pleadings in this suit nowhere allege that a summons was ever issued in the action in which the attachment was sued out. No writ of that kind could legally have been secured until the summons had been issued: Section 295, L.O.L. It was incumbent upon the defendants, in order to substantiate their superior right to the real property attached, to allege and prove every step leading up to the filing of the certificate of attachment; but they having failed in the particular mentioned, we adhere to our former opinion."

■ The petition of the United States rests upon the contention that ORS 29.130 which requires the filing of an undertaking for attachment is unconstitutional as applied to it. We have repeatedly held that constitutional questions will not be determined unless

their decision is essential to the disposition of the cause. *Oregon Creamery Manufacturers Association et al. v. White,* 159 Or 99, 78 P2d 572; *Winslow v. Fleischner et al.,* 112 Or 23, 228 P 101; *McKinney v. Watson,* 74 Or 220, 145 P 266; *State ex rel. v. Malheur County Court,* supra.

Upon the record presented in the case at bar it is not only unnecessary, but it would also be improper for us to pass upon the constitutional question presented. If, as we assume, the United States desires to bring up a test case from the courts of this state, it must at least comply with such procedural requirements of our statutes as are clearly valid and applicable to it.

The judgment of the circuit court is affirmed.